## OLIVERO v. ELEGANTI et al.

No. 3892.   Decided March 31, 1923.   (214 Pac. 313.)

1. APPEAL AND ERROR—SUPREME COURT WILL REVIEW EQUITY FIND-
   INGS, BUT WILL NOT DISTURB THEM UNLESS CLEARLY AGAINST
   WEIGHT OF EVIDENCE. The Supreme Court, under the Constitu-
   tion, is authorized to review the findings of the trial court in
   equity cases, but such findings on conflicting evidence will not
   be set aside unless it manifestly appears that the court has
   misapplied proven facts or made findings clearly against the
   weight of the evidence.

2. WATERS AND WATER COURSES—FINDING OF CONTINUOUS USER SUP-
   PORTED BY EVIDENCE. In a water right suit, a finding that de-
   fendant and his grantees have continuously used the water
   since a decree adjudicating the right to be theirs *held* supported
   by sufficient evidence; it not appearing that others who used the
   water did so without defendant's permission, or that such use
   is adverse to him.

3. TRUSTS—CONVEYANCE WITHOUT CONSIDERATION CREATES TRUST
   UNLESS GIFT INTENDED. It is a familiar principle of equity that
   a conveyance made without consideration where the circum-
   stances are such as negative any idea of a gift creates a trust,
   and the grantee in such conveyance holds title in trust for the
   grantor.

4. WATERS AND WATER COURSES—EVIDENCE HELD SUFFICIENT TO
   SHOW TRANSFER WITHOUT CONSIDERATION. Evidence *held* to
   warrant a finding that defendant's assignment and transfer of
   water right was not intended as a gift and was without con-
   sideration.

5. WATERS AND WATER COURSES—POSSESSION OF DEFENDANT AND
   CHARACTER OF CONVEYANCES SUFFICIENT TO PUT PLAINTIFF ON
   INQUIRY. Where successive conveyances of water right were
   by quitclaim deeds, each reciting the consideration of $1, and
   defendant at all times was in the possession and use of the
   water right, *held*, that plaintiff was put on inquiry as to the
   title of his grantor.

Appeal from District Court, Seventh District, Carbon
County; *Dilworth Wooley*, Judge.

Action by Antonio Olivero against A. Eleganti and others

to determine the ownership of certain waters and water rights, in which defendants counterclaimed alleging ownership. Judgment for defendants, and plaintiff appeals.

AFFIRMED.

*Joe W. Rozzelle* and *Walton & Walton,* all of Salt Lake City, and *George Christensen,* of Price, for appellant.

*Price & Fouts,* of Price, and *Wm. H. Bramel,* of Salt Lake City, for respondents.

GIDEON, J.

This action relates to the ownership and the right to use the waters of a certain spring known as Crystal spring, located in the bottom of Spring Canyon wash in Carbon county, Utah.

Plaintiff claims to be owner of the waters and entitled to the use of the same; that he and his grantors had applied and used the waters for a beneficial purpose on certain lands located some distance below the spring in question.

Defendants denied plaintiff's right to the use or ownership of the waters; also denied that plaintiff's grantors or predecessors in interest have used the same for beneficial purposes during the time stated in the complaint. By a counterclaim defendants allege ownership of the waters and constant use for beneficial purposes during many years prior to the institution of this action.

The court made extensive findings of fact. The second finding is:

"That Crystal spring is situated * * * in Carbon county, Utah; that Antonio Eleganti, the grantor and predecessor in interest to Peerless Coal Company, owning and possessing said lands and lands surrounding and near and about said spring and in Carbon county, Utah, long prior to any of the dates hereinafter mentioned, appropriated and diverted the waters of said spring to irrigate his said lands, and actually and continuously used said waters for the irrigation of his said lands and for stock and culinary uses and claimed to own the same."

This finding is not challenged.

It appears that some time prior to December, 1914, the Spring Canyon Coal Company, a corporation, instituted an action in the district court of Carbon county against A. Eleganti, asking the judgment of the court declaring it the owner of and entitled to the right to use the waters of said spring; that during the trial of that action, on December 10, 1914, the parties entered into a stipulation respecting the rights to the use of and ownership of the waters in question, and on said date the court entered its decree based upon such stipulation decreeing and awarding to Spring Canyon Coal Company all the waters mentioned in the pleadings except Crystal Spring. The waters of this spring were decreed and awarded to Eleganti. That decree further awarded to Eleganti the right to the use of certain other waters on each Sunday. It appears also that some time prior to the date of that decree Eleganti had filed an application in the state engineer's office to appropriate the waters of this spring with other waters, and that that application was then pending. On December 12, 1914, Eleganti, by a paper entitled "Assignment of Water Application," purported to assign, transfer, and set over to the Spring Canyon Coal Company all his "right, title, and interest in and to the waters and springs mentioned in water application No. 5390," and authorized the Spring Canyon Coal Company to complete the application in his name or in the name of the corporation. Subsequently, on July 31, 1918, the state engineer issued a certificate of appropriation of water to the Spring Canyon Coal Company, assignee, founded upon the application made by Eleganti on August 5, 1913.

The plaintiff deraigns title to this water by mesne conveyance from the Spring Canyon Coal Company. The estate of Eleganti defends its right and claim to the waters by virtue of the decree of December 10, 1914, and the continued use of the waters, etc.; the defendant Peerless Coal Company by reason of conveyances made by Eleganti and wife in the year 1918.

Defendants claim that the assignment made by Eleganti

on December 12, 1914, was without consideration; that the assignment is insufficient to convey any title to the waters in question; that it was made not with the intention of conveying title, but for the purpose of assisting the Spring Canyon Coal Company in clearing up in some way the application which it then had pending in the state engineer's office for waters in the vicinity or canyon where Crystal spring is located.

The court found that the assignment was without consideration. That finding is challenged by plaintiff.

A Mr. Curtiss, referred to in the record as the engineer of the coal company, carried on the negotiations or conversations with Eleganti that resulted in the assignment of December 12, 1914. Mr. Curtiss is not now a resident of the state of Utah, and did not testify at the trial. Eleganti died before the date of the trial. Only one witness testified as to being present during the conversations and as to what was said at that time. The witness, a Mr. Bryner, stated that on or about December 12, 1914, he was with Mr. Eleganti when Mr. Curtiss came to where they were working; that he heard the conversation between Curtiss and Eleganti; that Curtiss in effect said that he had come down to talk to Eleganti about the pipe line and some other waters, and said to Eleganti, "We can fix that up with you about that pipe line down there." In answer to the question, "The pipe line had already been put in, had it?" the witness said:

"Yes, sir; and he says 'Now, there is other filings on this water and to get it clear for the coal company we would like to have you fix it up so that all the water that leaves your ground be assigned to the Spring Canyon Coal Company.' Tony [Eleganti] told him, well, all he wanted was what the court gave him, and that was enough; that he would do it."

This witness further stated that some mention was made respecting other filings, and particularly one by a Mr. Thorpe; that Curtiss "wanted to have it clear so that no other company could get in."

The testimony of this witness is not denied except inferentially by other facts proven. No other witness who had

personal knowledge of what was actually said and done at this interview testified in the case.

It is the contention of plaintiff that the assignment by Eleganti was made in exchange for other waters running from a little spring known as Goat spring. It conclusively appears, however, that very little water issues from that spring; also that there was a pipe line running from it to Eleganti's yard prior to the date of the decree and prior to the litigation which resulted in the decree of December, 1914. There is a conflict in the testimony respecting any understanding as to who should have the use of the waters of that spring at the date of the decree. No mention is made of it in the decree. It seems quite probable that the waters from that spring were not considered of any sufficient value or use to be taken into consideration in the adjustment by the stipulation. Other testimony tends to support the finding of the court that there was no consideration for the assignment made by Eleganti on December 12, 1914.

This court is authorized by the state Constitution to review the findings of the trial court in equity cases, but the findings of the trial courts on conflicting evidence will not be set aside unless it manifestly appears that the court has misapplied proven facts or made findings clearly against the weight of the evidence.

In *Klopenstine* v. *Hays*, 20 Utah, 45, 57 Pac. 712, the sixth headnote is:

"In an equity case, when the testimony is conflicting, this court will not disturb the findings of the trial court unless so manifestly erroneous as to demonstrate some oversight or mistake affecting the substantial rights of appellant."

In the recent case of *Singleton* v. *Kelly*, 61 Utah, 277, 212 Pac. at page 66, the court says:

"Unless the evidence clearly preponderates against the finding as made by the lower court, its decision must stand"—citing numerous Utah cases.

The Supreme Court of the United States, in *Tilghman* v. *Proctor*, 125 U. S. 136, 8 Sup. Ct. 894, 31 L. Ed. 664, in reviewing findings of a master in chancery, in the course of the opinion, says:

"The conclusions of a master in chancery depending upon the weighing of conflicting testimony, have every reasonable presumption in their favor, and are not to be set aside unless there clearly appears to have been error or mistake on his part."

The evidence in this record, measured by the standards of the foregoing cases, is not sufficient to justify this court in directing contrary findings.

The trial court also found that since the date of the decree until the date of the temporary restraining order issued in this case Eleganti and his grantees have continously used and enjoyed all of the waters from Crystal spring.

That finding is also challenged. It may be that others have used some of the waters from the spring during that time; but it does not appear that they used the same without the permission of the defendant Eleganti, or that the use was continous or adverse to Eleganti's ownership and right to use. The finding, in our judgment, is supported by the testimony.

That finding and the testimony which supports it lends much probability to the defendants' claim that it was never intended by the assignment made by Eleganti to convey or alienate his right to the ownership and use of the waters of this spring. The explanation or reason given by the witness Bryner as to why the assignment was wanted further supports the claim that that assignment was not intended to convey the right to the use of the water in question to the Spring Canyon Coal Company.

There is no contention on the part of plaintiff, nor is there any evidence in the record anywhere indicating, that Eleganti, by the assignment, intended to make a gift of this water to the Spring Canyon Coal Company. It is a familiar principle of equity that, where a conveyance is made without consideration, where the circumstances are such as negative any idea of a gift, the grantee in such conveyance holds title to the property in trust. We are not called upon to determine whether that assignment, if founded upon a valuable consideration, was sufficient to convey the interest and claim of Eleganti to the waters in question by reason of Comp. Laws Utah 1917, § 3478. It is sufficient

to determine that the evidence supports the finding that there was no consideration for the assignment, and that the assignment was not for the purpose of conveying the right to the use of the waters in question. These facts being proven, the trust is established, and the judgment of the trial court should therefore be affirmed.

The Supreme Court of Oregon, in *Toney* v. *Toney*, 84 Or. at page 314, 165 Pac. at page 223, says:

"Where property is conveyed without consideration, and the circumstances unequivocally rebut the presumption of a gift, equity will charge the grantee with a resulting trust in favor of the grantor."

See, also, 1 Perry on Trusts (6th Ed.) § 124, and cases there cited; also section 226.

That plaintiff had notice of defendants' claim of right to this spring is not seriously questioned. The immediate grantor of plaintiff was A. D. Gibson. Gibson received title on December 9, 1918, by a quitclaim deed from the Spring Canyon Coal Company. The consideration mentioned in that deed is $1. Gibson, in turn, on February 27, 1919, conveyed to plaintiff by a quitclaim deed. The consideration mentioned in that deed is also $1. These facts, considered with the possession of defendants, were sufficient to put the plaintiff upon inquiry respecting the title of his grantor. *Toland* v. *Corey*, 6 Utah, 392, 24 Pac. 190; *Live Stock Co.* v. *Dixon*, 10 Utah, 334, 37 Pac. 573; *Shafer* v. *Killpack*, 53 Utah, 468, 173 Pac. 948; *Bracken* v. *Chadburn*, 55 Utah, 430, 185 Pac. 1021; *Lawley* v. *Hickenlooper*, 61 Utah, 298, 212 Pac. 526.

It is unnecessary to determine other questions discussed by counsel, as we are of the opinion that the judgment should be affirmed for the reasons indicated.

Judgment affirmed, with costs.

WEBER, C. J., and THURMAN, FRICK, and CHERRY, JJ., concur.