## GARFF v. MYERS CLEANING & DYEING CO.

### No. 4243.   Decided July 20, 1925.   (238 P. 278.)

1. TRIAL—OBJECTION TO INSTRUCTION USING PHRASE "SATISFACTORY TO THE PLAINTIFF," INSTEAD OF "SATISFACTORILY DONE," HELD METICULOUS AND UNSUBSTANTIAL. In action for damages to coat left with defendant for repair and cleaning, under agreement that work should be "satisfactorily done," defendant's objection to instruction required proof of agreement to do work "satisfactory to the plaintiff" *held* meticulous and unsubstantial.

2. APPEAL AND ERROR—USE IN INSTRUCTION OF PHRASE "SATISFACTORY TO THE PLAINTIFF," INSTEAD OF "SATISFACTORILY DONE," HELD HARMLESS TO DEFENDANT. In action for damages to coat delivered to defendant for cleaning and repairing, under agreement that the work would be "satisfactorily done," instruction requiring proof of agreement to do work "satisfactory to the plaintiff" *held* harmless to defendant, as imposing on plaintiff a greater burden of proof.

3. APPEAL AND ERROR—GENERAL EXCEPTION TO WHOLE INSTRUCTION HELD INSUFFICIENT TO RAISE ERROR IN PART OF INSTRUCTION. General exception to whole instruction, portion of which was correct, *held* insufficient to raise error in part of instruction.

4. APPEAL AND ERROR—ERRONEOUS INSTRUCTION HELD BENEFICIAL TO DEFENDANT. In action for damages to a coat delivered to defendant for cleaning and repairing, erroneous instruction that, if the jury found that the coat became unfit and unsuitable for plaintiff's use, they should make a finding that defendant be permitted to retain and own the coat in its altered condition, *held* beneficial rather than prejudicial to defendant.

5. APPEAL AND ERROR—INSTRUCTIONS, IF CONFLICTING, ON MEASURE OF DAMAGES FOR INJURY TO COAT, HELD NOT PREJUDICIAL TO DEFENDANT, IN VIEW OF AMOUNT OF JUDGMENT. In action for damages to coat left with defendant for repair and cleaning, where there was evidence that value of the coat was $400 when left with defendant, and that when returned to plaintiff it was in a condition unfit for use, instructions on the measure of damages, if conflicting, *held* not prejudicial, in view of judgment for only $50.

FRICK, J., dissenting in part.

Appeal from District Court, Third District, Salt Lake County; *T. H. Burton*, Judge.

Action by A. Z. Garff against the Myers Cleaning & Dyeing Company. From a judgment for plaintiff, defendant appeals.

AFFIRMED.

*Thomas & Thomas,* of Salt Lake City, for appellant.

*Daniel Harrington,* of Salt Lake City, for respondent.

Headnote 1.   38 Cyc. p. 1595.
Headnote 2.   4 C. J. p. 918.
Headnote 3.   3 C. J. p. 922.
Headnote 4.   4 C. J. p. 918.
Headnote 5.   4 C. J. p. 1043.

CHERRY, J.

This is an action at law for damages to a fur overcoat owned by plaintiff, which was delivered to defendant for the purpose of being cleaned and repaired. It was alleged that the coat was unskillfully, wrongfully, and negligently cut, mutilated, and marred, and parts of the fur wasted or converted, by the defendant, to the plaintiff's damage in the sum of $400. The defense was a denial of any wrongful act by defendant, or injury or damage to the coat, and a counterclaim for services in the sum of $32.50.

A trial by jury resulted in a verdict for the plaintiff for $200 damages, and a verdict against defendant on its counterclaim.

A motion for new trial, based upon excessive damages and other grounds, was made by defendant, upon the hearing of which the trial court made an order, that if the plaintiff consented to a reduction of the judgment to $50, the motion would be denied, otherwise a new trial would be granted. The plaintiff thereupon filed his consent in writing to the reduction of the judgment. The judgment was modified accordingly, and the motion for a new trial denied. The defendant has appealed.

The assignments of error relate to the court's instructions to the jury, and to the sufficiency of the evidence to sustain the verdict. [1]

The court in instruction No. 6 defined the material allegations which the plaintiff was required to establish before he could recover, and incidental to the principal requirements stated that he must prove by a preponderance of the evidence that the defendant agreed to "clean and repair said coat satisfactory to the plaintiff."

The defendant excepted to the quoted words, and now contends that they are erroneous because the complaint alleged the agreement of defendant was that the work should be "satisfactorily done," not "satisfactory to    1 the plaintiff." The objection is meticulous and unsubstantial, but if any possible effect is deducible from the variation in the terms used, it militated against the plaintiff by imposing upon him a greater burden of proof.

By instruction No. 7 the court instructed the jury, that if by reason of defendant's acts the coat became unfit and unsuitable for plaintiff's use, they should find for the plaintiff and assess his damages in such sum as they found proper from the evidence, and should in such case also find that defendant be permitted to retain and own said coat in its altered condition.

The defendant excepted generally to this instruction, and now contends that the latter part is erroneous because the jury made no responsive finding, and that the present ownership of the coat is left in doubt.

While we think the title to or ownership of the coat was not in issue, and not a proper subject for disposition in this case, the error complained of was not only not    **2-4** available under a general exception to the whole instruction, a portion of which was correct, but the erroneous part of the instruction was beneficial and not prejudicial to the defendant.

The next assignment pertains to the instructions relative to the measure of damages. At the request of defendant the court instructed the jury that, before they could find a ver-

dict for the plaintiff, they must find from a preponderance of the evidence that the coat was damaged by defendant in the manner and form as alleged in plaintiff's complaint, and that if they so found the measure of damages would be the difference in the market value of the coat before it was so damaged and the market value thereof after it had been so damaged.

An additional instruction was given at the request of the plaintiff to the effect that if the wrongful acts of defendant rendered the coat "unfit for plaintiff's use, your verdict should be for the plaintiff, and you should assess his damages in an amount equal to the value of said coat, as you find from the evidence said value to be." An exception was taken to the latter instruction, and it is contended that the same is erroneous, misleading, and in conflict with the preceding instruction which correctly defines the measure of damages.

Under the facts in this case, the alleged conflict in the instructions is of no real importance. The coat in question was an old one, which had been in the plaintiff's family for many years. Its value was chiefly for the plaintiff's personal use. It was delivered to defendant to be cleaned and repaired, and a portion of the fur removed and made into a separate garment. There was testimony that valuable fur was removed from the coat and no account made of it, except to say that it was worthless and had to be thrown away as waste; that the separate garment was not made, and the coat as tendered to plaintiff was materially altered and patched up with a cheap and inferior fur, and was in such condition that it was unfit for plaintiff's use. There was no evidence that the coat had any real or market value after it had been altered. Of course, the defendant is liable only for the damages caused to the garment by its own acts. But a fair and reasonable interpretation of the two instructions relating to the measure of damages is that if the garment was rendered wholly worthless, the plaintiff should recover its whole value when delivered to defendant, and that, if it was but partially damaged, he should

have the difference between the value of the coat before and after the defendant damaged it. There was evidence that the defendant represented to the plaintiff that the coat was worth $400 before it was delivered to defendant. The verdict and ultimate judgment for $50 damages is quite convincing proof that the defendant has not been injured in any substantial manner by any possible conflict in the instructions of the court respecting the measure of damages.

The contention that the evidence is insufficient to support the verdict and judgment is wholly untenable. The evidence was in direct conflict, but there was sufficient proof of the allegations of the complaint to sustain the verdict.

The judgment is affirmed, with costs.

GIDEON, C. J., and THURMAN and STRAUP, JJ., concur.

FRICK, J. I concur. I cannot concur, however, in the statement that the distinction between "satisfactorily done" and "satisfactory to the plaintiff" is "meticulous and unsubstantial." Under certain conditions and as relating to certain contracts, such a distinction may well be meticulous and unsubstantial. Where, however, personal taste, feeling, etc., is to be satisfied, the difference between doing it "satisfactorily" and to the satisfaction of the person for whom the work is done may well be quite substantial, and may very materially affect the legal rights of the parties to the contract. In this case, however, in view of all the circumstances, the difference between the instruction and the allegation in the complaint could not result in prejudice to the defendant.