## McMONEGAL v. FRITSCH LOAN & TRUST CO.

No. 4913. Decided March 20, 1930. (286 P. 635.)

*King & King,* of Salt Lake City, for appellant.
*Clarence Baird,* of Salt Lake City, for respondent.

HARRIS, District Judge.

Plaintiff brought this action against defendant for rescission of a contract to purchase real property and to recover

payments made on the purchase price. The contract was dated December 21, 1918, whereby plaintiff agreed to purchase from defendant a certain lot in Salt Lake City upon which was located an eight-room brick dwelling house, "together with a right of way from Eighth East street to the rear of the above described property," for the sum of $5,000, payable at the rate of $120 quarterly, with interest at the rate of 7 per cent per annum on deferred payments.

Plaintiff entered into possession of the property in December, 1918, and had made payments on the contract price amounting to $4,125.60, had paid taxes on the property amounting to $929.17, and had expended $131.50 in improvements on the property.

The plaintiff alleges, in substance, that at the time of the sale defendant represented to her that the right of way above mentioned was a 10-foot right of way, and warranted and guaranteed the same to be 10 feet wide; that on September 15, 1925, the owner of adjoining property brought an action for the purpose of determining the boundary line of said right of way, to which action plaintiff and defendant were parties, and that in said action it was adjudged that the said right of way was only 6½ feet wide, thereby plaintiff's right of ingress and egress from the rear of her property was destroyed and plaintiff's property was rendered unfit for the use for which it was purchased; that plaintiff immediately filed this action upon learning the result of the last-mentioned suit. Plaintiff demands judgment against defendant for the full amount of money expended by her on the purchase price, taxes, and improvements, with legal rate of interest thereon.

Defendant answered, denying that it agreed to sell plaintiff a 10-foot right of way, but alleging that it agreed to deliver the right of way as it existed at the time of the delivery of the contract; that plaintiff was shown the right of way at the time she entered into the contract, and had full opportunity to examine the same, and that she then knew it was not 10 feet wide; that the plaintiff accepted

the property as it was at the time of making the contract, and that the said right of way was then and now is in substantially the same condition it had been for 30 years; that the decree mentioned in the complaint did not narrow the right of way or change materially the location of the north fence line, and that defendant was able to use the same for all practical purposes, including delivery of coal and use thereof for automobiles. Defendant further alleged that the plaintiff had not kept the property in repair and could not return it in as good condition as it was in 1918, and therefore it would be inequitable and unjust for the court to permit a rescission. Defendant also pleaded the statute of limitations.

The case was tried to the court without a jury, and, after oral arguments, was taken under advisement. Later the court indicated to counsel that he did not feel that the facts of the case justified a rescission, but indicated that he was willing to reform the contract to provide for an agreement to deliver a 10-foot right of way and allow damages for its breach.

Thereupon the defendant, over plaintiff's objection, was permitted to amend its answer so as to allege that, if the court did find an agreement to convey a 10-foot right of way and the failure to deliver such right of way, then the court fix and allow the plaintiff such damages as may result from such breach.

Thereupon the case was reopened, and evidence offered by both sides as to the difference between the value of the property at the time of the sale if the right of way had been 10 feet wide and its value with the right of way as it in fact existed.

The court thereupon made its findings and decree refusing plaintiff's right to rescind the contract, but reforming the contract to show an agreement to convey a right of way 10 feet wide, but that the right of way was not in fact 10 feet wide, and allowed plaintiff $750 damages for such

breach, and adjudged that such amount be credited on the contract, and adjudged the contract to be in full force and effect.

The plaintiff brings this appeal, claiming that she should have been awarded judgment upon the theory of rescission, for the full amount paid, to wit, $4,125 payments on the contract, $929.17 as taxes, and $131.50 for improvements.

The court, among other matters, in substance, made the following findings of fact which it is now contended by appellant are not supported by the evidence: That at the time of the execution of the contract the market value of the property was $5,000 and the rental value during the time plaintiff was in possession from December, 1918, to June, 1927, was $45 to $50 per month, and that there was a balance due on the principal of the contract of $3,568.66. That the plaintiff had failed to keep the house in repair, and that there had been a general decline of property values between 1918 and 1927, by reason of all of which the property was at the time of the commencement of this action of the value of $3,000 to $3,500. That the right of way in question had been bounded by a fence on the north for 20 or 30 years, and that plaintiff was shown the property and told that the right of way was 10 feet wide, but in fact it was not 10 feet wide. That the decree in the former right of way suit fixed the north boundary line of the right of way at substantially the exact location where the fence had stood for many years prior to 1918, and that the right of way at its narrowest point was 6.84 feet wide, from that point gradually widened out to width of approximately 10 feet. That the right of way has been and can now be used by all classes of automobiles and trucks except large coal trucks and vans.

We have read the record carefully, and without taking time to point out the evidence, much of which is in dispute, are satisfied to say that the findings are in accord with the weight of the evidence. In fact, the record impresses us that the trial court was inclined to be somewhat liberal both

in rulings admitting plaintiff's evidence and finding facts in dispute in her favor.

From the headnote in the case of *Klopenstine* v. *Hays*, 20 Utah 45, 57 P. 712, we quote the following: "In an equity case, when the testimony is conflicting, this court will not disturb the findings of the trial court, unless so manifestly erroneous as to demonstrate some oversight or mistake affecting the substantial rights of appellant."

See, also, *Singleton* v. *Kelly*, 61 Utah 277, 212 P. 63, 66; *Olivero* v. *Eleganti*, 61 Utah 475, 214 P. 313.

In this case there is no merit to appellant's contention that the findings are not supported by the evidence.

As to the question of the plaintiff's right to rescind the contract and recover the payments made, we are met at the outset with the proposition that the plaintiff nowhere in her complaint, or at the trial, offered to return the property or to account for its rental value during the time she was in possession or for the depreciation in its value during said time, not resulting from any fault of the defendant. The record discloses that, when counsel for appellant was confronted with the proposition at the trial, he remarked: "Yes I make that contention" (that no such offer was necessary). "You had the use of our money while we had the use of your property and the one off-sets the other." No authorities were cited then, and none are cited in the brief to sustain that proposition as applied to facts similar to those in this case.

It would seem elementary that a purchaser, to be entitled to rescind a contract for the purchase of real property, because of defect in the vendor's title, must offer to place the vendor in status quo, with the exception, of course, that he need not account for the losses to the property resulting from the fault or breach of the vendor.

"As a condition precedent to the action to recover back the purchase money paid to the vendor the purchaser must put the vendor in status quo. Thus where the plaintiff seeks to recover the purchase price paid by him for land, treating the contract of sale res-

cinded, he must account for the value of the use thereof while he was in possession." 39 Cyc. 2051.

In *Owens* v. *Neymeyer,* 62 Utah 580, 221 P. 160, 162, this court said:

"The general rule is that where, as here, the purchaser seeks to rescind and recover back money paid on the purchase price, as a condition precedent to the right of maintaining an action the purchaser must offer to restore the possession to the seller."

In the note in 38 A. L. R. 1325, the annotator lists a long list of cases sustaining this same proposition.

In this case, if it be assumed that the plaintiff was willing to surrender the possession to defendant, although the record contains no such offer, we still have the finding of the court, taking the lowest figures for rental value and depreciation, that these items amount to more than $6,000, while the total payments claimed by the plaintiff are $5,125. This might well be the reason the plaintiff did not offer to account for these items, and is sufficient to dispose of this case on its merits. It would seem that the trial court was clearly right in determining that the plaintiff was not entitled to a judgment of return of her payments on the theory of her right to rescind the contract in this case.

In view of the conclusions just reached being sufficient to sustain the judgment denying the right to rescind, it becomes unnecessary to prolong this opinion with a discussion of the other defenses relied upon, namely, that the plaintiff had waived her right to rescind the contract by accepting and retaining the possession of the property, also that she was guilty of such laches in the premises as to defeat her right to rescind.

Defendant complains that there are neither pleadings nor evidence to sustain the finding and judgment that plaintiff was damaged by the breach of contract in the sum of $750.

First, as to the evidence, defendant produced two members of the Salt Lake Real Estate Board, who gave as their opinion that the difference between the value of the property with the alleyway in its present condition and if it had been 10 feet wide its entire length, at $250. The president of the defendant company gave as his opinion the difference in value at $200. Plaintiff produced two real estate men, one of whom estimated the same difference in value at $1,000 and the other estimated it at $2,250. It would thus appear that the sum of $750 is supported by the evidence.

Second, as to the pleadings, plaintiff complains bitterly of the court permitting the case to be reopened and defendant to amend its pleadings to set up that, if the court found a breach of the contract to convey the alleyway, the matter could be settled by payment of damages.

We have already seen that plaintiff was not entitled to rescind, and, both sides apparently wishing the controversy settled, when the trial court reached the conclusion that there could be no rescission but felt plaintiff should have some relief, it was not error to permit the amendment and reopen the case and take evidence on the amount of damages so as to permit the court of equity to finally dispose of the matter and award damages for the breach. *Kinsman* v. *Utah Gas & Coke Co.*, 53 Utah 10, 177 P. 418; *Rosenthyne* v. *Matthews-McCulloch Co.*, 51 Utah 38, 168 P. 957; *Badover* v. *Guaranty Trust & Savings Bank*, 186 Cal. 775, 200 P. 638.

Furthermore, in this case such amendments did not work to the disadvantage of the plaintiff, but rather to her advantage, because she receives therefrom the benefit of any breach of contract, and therefore she is in no position to complain of the court permitting the amendments. *Garff* v. *Myers Cleaning & Dyeing Co.*, 65 Utah 548, 238 P. 278.

JUDGMENT AFFIRMED.

CHERRY, C. J., and STRAUP, ELIAS HANSEN, and FOLLAND, JJ., concur.

EPHRAIM HANSON, J., being disqualified did not participate herein.