## HANSON et al. v. MUTUAL FINANCE CORPORATION et al.

No. 5451.   Decided November 14, 1934.   (37 P. [2d] 782.)

R. O. *Pearce,* of Salt Lake City, for appellants.

A. H. *Hougaard,* of Salt Lake City, for respondents.

MOFFAT, Justice.

This is a civil action brought in equity and tried to the court, sitting with a jury advisory to the court upon the

issues of fact. The plaintiffs in their complaint alleged in substance: That they were the owners of certain building and loan certificates in the National Building & Loan Association and in the Western Loan & Building Association of certain paid-up values aggregating about $2,500; that the defendant J. Frank Jackson called at the home of plaintiffs in Hiawatha, Carbon county, Utah, and stated to them that he had an investment proposition which afforded a better rate of interest and with greater security than the stock in the building and loan companies; that said J. Frank Jackson fraudulently and wrongfully, and with the purpose and intention of inducing the plaintiffs to part with their building and loan certificates, represented that the certificates of stock which he proposed to sell to them in the Mutual Finance Corporation would pay a guaranteed rate of interest, and would pay to the plaintiffs at any time demanded the full payment of any money invested in the said corporation; that the plaintiffs could at any time borrow 90 per cent of the full amount of their investment in the Mutual Finance Corporation; that the moneys represented by plaintiffs' investment in the National Building & Loan Association and the Western Loan & Building Association would not be paid back to them in a lump sum, but that said money would be returned in installments as said building and loan associations saw fit and in the discretion of said associations. Other and more detailed allegations are made in plaintiffs' complaint not necessary to repeat here, as the material issues of fact were submitted by the court to the jury, which questions and answers will further be referred to.

To the complaint, the defendants filed separate answers. The Western Loan & Building Association and the National Building & Loan Association, being mere stakeholders, limited the parties and issues to plaintiffs and defendant Mutual Finance Corporation and its agent J. Frank Jackson. Upon the issues, evidence was presented, and the jury was instructed. In connection with the instructions, the jury was directed to make answer to certain specific interroga-

tories relating to the facts. Each interrogatory, except the tenth, consists of a series of three questions designated (a), (b), and (c), and are as follows, with the answers thereto made by the jury:

"Interrogatory No. 1:

"(a) Did the defendant, J. Frank Jackson, on or about the 25th day of September, 1931, state to the plaintiffs, or either of the plaintiffs, in substance and effect that the certificates of stock which said J. Frank Jackson proposed to sell to said plaintiffs in the Mutual Finance Corporation would pay a guaranteed rate of interest of 7 percent? Answer: Yes.

"(b) Was the said statement untrue? Answer: Yes.

"(c) Was the same made for the purpose of inducing the plaintiffs to purchase stock in the Mutual Finance Corporation? Answer: Yes.

"Interrogatory No. 2:

"(a) Did the defendant, J. Frank Jackson, on or about the 25th day of September, 1931, state in substance and effect to the plaintiffs that the Mutual Finance Corporation would pay to the plaintiffs, and that the plaintiffs could at any time secure from said corporation the full payment of any money invested in the said corporation? Answer: Yes.

"(b) Was said statement untrue? Answer: Yes.

"(c) Was said statement made for the purpose of inducing the plaintiffs to purchase stock in the Mutual Finance Corporation? Answer: Yes.

"Interrogatory No. 3:

"(a) Did the defendant, J. Frank Jackson, on or about the 25th day of September, 1931, state to the plaintiffs, or either of them, in substance and effect that said plaintiffs could at any time borrow 90 per cent of the full amount of their investment in the Mutual Finance Corporation? Answer: Yes.

"(b) Was said statement untrue? Answer: Yes.

"(c) Was said statement made for the purpose of inducing the plaintiffs to purchase stock in the Mutual Finance Corporation? Answer: Yes.

"Interrogatory No. 4:

"(a) Did the defendant, J. Frank Jackson, on or about the 25th day of September, 1931, state to the plaintiffs, or either of them, in substance and effect that the monies represented by these certificates in the National Building & Loan Association and the Western Loan & Building Association would not be paid back to said plaintiffs in a lump sum, but that said money would be returned in installments as said building and loan associations saw fit and in the discretion of said associations? Answer: Yes.

"(b) Was said statement untrue? Answer: Yes.

"(c) Was said statement made for the purpose of inducing the plaintiffs to purchase stock in the Mutual Finance Corporation? Answer: Yes.

"Interrogatory No. 5:

"(a) Did the defendant, J. Frank Jackson, on or about the 13th day of October, 1931, state to the plaintiffs in substance and effect that the certificates of stock which said J. Frank Jackson proposed to sell to the plaintiffs in the Mutual Finance Corporation would pay a guaranteed rate of interest of seven percent upon the amount of money paid for said stock? Answer: Yes.

"(b) Was said statement untrue? Answer: Yes.

"(c) Was said statement made for the purpose of inducing the plaintiffs to purchase stock in the Mutual Finance Corporation? Answer: Yes.

"Interrogatory No. 6:

"(a) Did the defendant, J. Frank Jackson, on or about the 13th day of October, 1931, state in substance and effect to the plaintiffs that said plaintiffs or James L. Oviatt could at any time secure the full payment of any monies invested in said corporation, and that the said corporation would repay to said plaintiffs the full amount of their investment at any time? Answer: Yes.

"(b) Was said statement untrue? Answer: Yes.

"(c) Was said statement made for the purpose of inducing the plaintiffs to purchase stock in the Mutual Finance Corporation? Answer: Yes.

"Interrogatory No. 7:

"(a) Did the defendant, J. Frank Jackson, on or about the 13th

day of October, 1931, state in substance and effect to the plaintiffs that the plaintiffs could at any time borrow ninety per cent of the full amount of their investment in the Mutual Finance Corporation? Answer: Yes.

"(b) Was said statement untrue? Answer: Yes.

"(c) Was said statement made for the purpose of inducing the plaintiffs to purchase stock in the Mutual Finance Corporation? Answer: Yes.

"Interrogatory No. 8:

"(a) Did the defendant, J. Frank Jackson, on or about the 13th day of October, 1931, state to the plaintiffs in substance and effect that the monies represented by the certificates in the National Building & Loan Association and the Western Loan & Building Association would not be paid back to the plaintiffs in a lump sum, but that said money would be returned in small amounts as the said building and loan associations saw fit and in the discretion of said associations? Answer: Yes.

"(b) Was said statement untrue? Answer: Yes.

"(c) Was said statement made for the purpose of inducing the plaintiffs to purchase stock in the Mutual Finance Corporation? Answer: Yes.

"Interrogatory No. 9:

"(a) Did the defendant J. Frank Jackson, on or about the 13th day of October, 1931, state to the plaintiffs in substance and effect with respect to the certificate in the National Building & Loan Association standing in the name of James L. Oviatt, that the Mutual Finance Corporation would at the end of four or five years pay the full sum of $2,000, except the sum of $108, and that from the date that the Mutual Finance Corporation took over the building and loan certificates it would not be necessary for the plaintiffs or James L. Oviatt to pay anything further on said stock? Answer: Yes.

"(b) Was said statement untrue? Answer: Yes.

"(c) Was said statement made for the purpose of inducing the plaintiffs to purchase stock in the Mutual Finance Corporation? Answer: Yes.

"Interrogatory No. 10:

"Do you find from a preponderance of the evidence in this case

that the plaintiffs were the owners of the certificate in said National Building & Loan Association standing in the name of James L. Oviatt? Answer: Yes.

It is conceded that defendant J. Frank Jackson acted as the agent of the defendant Mutual Finance Corporation. The appeal to this court is on the part of these two defendants.

Counsel for appellants in his brief states that assignments of error numbered from 2 to 16, inclusive, may be argued together because all of those assignments relate to the proposition that the findings of fact are not supported by the evidence. No other assignments are argued. The issues are therefore reduced to a single question: Does the evidence support the findings? The gravamen of the action is fraud. The special interrogatories and answers were aimed directly at that issue. The court adopted the determinations of fact as found by the jury, and the findings of fact made by the court, except as to details not affecting the fundamental issues or rights of the parties, are based upon those facts found by the jury.

There is no dispute as to the rule of law applicable to this case. The burden of proving the alleged fraud or deceit, where deeds or contracts are sought to be set aside upon such ground, is upon the party asserting it, and the fraud or deceit must be established by clear and convincing evidence. *Ferrell* v. *Wiswell,* 45 Utah 202, 143 P. 582; *Lane* v. *Peterson,* 68 Utah 585, 251 P. 374.

Did the trial court require plaintiffs' evidence to measure up to this rule and apply the same when the findings were made? The situation is therefore presented requiring this court to examine the evidence. In view that the findings are long and that the transcript of the record contains over four hundred pages, all of which have been carefully read, it presents a situation making it impractical to give more than a brief summary of either. It is, however, pertinent to say that the transcript of the evidence shows a conflict. The

record discloses that prior to the alleged fraudulent representations plaintiffs were the owners of certain savings certificates, some partially paid and some fully paid, and that a son-in-law of plaintiffs was also the owner of a certificate which had been assigned to plaintiffs. No separate issue is made as to that certificate.

It appears that on September 25, 1931, the defendant J. Frank Jackson, a sales representative of the defendant Mutual Finance Corporation, called at the home of plaintiffs in Hiawatha, Utah. Plaintiffs and their witnesses testified in subsance: That Mr. Jackson said to plaintiffs that he had a good business proposition to present to them. That Mr. Hanson told Jackson that they had no money to invest. The subject of building and loan certificates was discussed. Jackson asked after examining them if they would exchange their building and loan certificates. That he told them he could give them a better layout and a better per cent on their money. Jackson was then told that the Hansons were well satisfied with their building and loan certificates, but, if they could get more money and a better rate of interest, they might consider such a proposition; but that they would not except they could exchange for the same kind of stock because the savings had been made and they wanted the money to build a home, and they wanted it in such form that they could get their money at any time. That Jackson promised them that his company would take their building and loan certificates and give them new certificates that would guarantee to pay 7 per cent interest. That they could get their money at any time or borrow 90 per cent of the face value of the certificates. Jackson took an assignment of plaintiffs' building and loan certificates, and caused to be issued and sent to plaintiffs certain shares of the common and preferred stock of the defendant Mutual Finance Corporation.

This common and preferred stock had, in so far as the defendant Mutual Finance Corporation was concerned, no

loan value. The preferred stock paid no dividends unless earned, and the common stock paid no dividends until after a dividend of 7 per cent had been paid on the preferred stock, which was not cumulative.

Without further statement of the evidence, it must suffice to say that these conversations, and there were three of them, two after September 25th, took place in the presence of the plaintiffs and several other persons. The plaintiffs, their daughter, a son-in-law, and others testified for plaintiffs. Defendant Jackson and two others testified as to the defendants' version of what took place.

By the state Constitution (art. 8, § 9), this court is authorized to review the findings of the trial court in equity cases. The rule, however, prevails that the findings of the trial court will not on conflicting evidence be set aside, unless it manifestly appears that the trial court has misapplied the facts proved or made findings against the weight of the evidence. *Olivero* v. *Eleganti*, 61 Utah 475, 214 P. 313; *Jenkins* v. *Nicolas*, 63 Utah 329, 226 P. 177; *Bennett* v. *Bowen*, 65 Utah 444, 238 P. 240.

Counsel for appellants argues that upon the evidence submitted, and especially that relating to the purchase of one share of stock in the Mutual Finance Corporation, before the conversations with Jackson, it was shown that the plaintiffs were in possession of such knowledge or were sufficiently put upon inquiry which if reasonably pursued would have enabled them to have determined the falsity of the representations made by Jackson. It is further argued that plaintiffs were negligent in not pursuing an investigation, and for that reason they cannot now be heard to complain or heard to say that they relied upon the misrepresentations made. The court found the certificates issued to plaintiffs in the Mutual Finance Corporation did not show upon the face thereof the representations made by Jackson, and thereupon, not knowing their rights as stockholders, except as represented by Jackson, made in-

quiry regarding the stock certificates, and ascertained the falsity of the representations made, and thereupon demanded return of their certificates surrendered to Jackson. This matter having been before the trial court, and that court having found against appellants' contention, the record containing sufficient to support the finding made and nothing to warrant this court in disturbing that finding, it should not be disturbed.

After a careful consideration following a complete review of the case upon the whole record and the evidence touching the issues herein, we have found no ground for, nor would we be warranted in, interfering with the findings or judgment of the trial court.

The judgment of the trial court is affirmed; respondents to recover costs on appeal. Such is the order.

STRAUP, C. J., and ELIAS HANSEN, FOLLAND, and EPHRAIM HANSON, JJ., concur.