CRANFORD et al. v. GIBBS et al.

No. 7931. Decided Sept. 9, 1953. (260 P. 2d 870.)

See 58 C.J.S. Mines and Minerals, sec. 123. Record of location of mining claim, sufficiency of. 36 Am. Jur., Mines and Minerals, sec. 96.

*Gustin, Richards & Mattsson* and *John T. Vernieu,* Richfield, for appellants.

*A. C. Melville,* Salt Lake City, for respondents.

LEWIS, District Judge.

Appellants, plaintiffs below, brought this action to quiet title to certain mining claims located in the Durkee Mining District in Piute County. The Howell Mining Company, a corporation, neither appeared nor was defaulted in the case. The other respondents, asserting ownership in themselves of conflicting mining claims, answered and counterclaimed. The actions were subsequently dismissed as against the Dunsmores, Johnsons, the various Does and all unknown claimants. The court below determined the issues in favor of the remaining respondents and found that each of the locations of respondents in conflict was prior and superior to the mining locations of appellants. We affirm the judgment of the trial court.

Both parties have presented this appeal to this court as one in equity and for the purpose of an opinion in this

case only, no prejudice to the parties being possible because of the result reached, we shall so consider it. The scope of review on appeal in pure equity is well settled. If after an independent analysis of the evidence as revealed by the transcript in this court we are not convinced that the trial court misapplied proven facts or found against the clear preponderance of the evidence we will not disturb the judgment.[1] Appellants recognize this rule and the burden occasioned upon them in this court.

We have carefully examined the numerous exhibits contained in the record and studied the testimony of the witnesses in the voluminous transcript. The story revealed is reminiscent of the Old West or typical of modern television. It is replete with accusations of claim jumping, threats, near violence, testimony of destruction of discovery monuments, movement and altering of location notices, end and corner stakes and the swinging, floating or "flying" of locations. This last is the essential basis of the appeal. Appellants assert that the evidence clearly shows that respondents' claims have been floated several miles from their point of original location to their present location in more lucrative fields and that appellants' claims have intervened in point of time.

In 1948, near Marysvale, uranium ore was discovered in the Durkee Mining District. Excitement ran high and a rush resulted. Many locations were made by numerous people including the principal respondent herein, H. Spencer Gibbs. From April to June, 1949, Gibbs, for and with other respondents and himself, located a group of claims known as the Yellow Canaries and others. The Canaries claims as described in the recorded location notices tied in with each other and were described as being two miles northeast of Marysvale, Utah, along Old County Highway. In

---

[1]*Stanley* v. *Stanley*, 97 Utah 520, 94 P. 2d 465; *Oliver* v. *Eleganti*, 61 Utah 475, 214 P. 313, 315; *Stevens* v. *Gray*, 123 Utah 395, 1953, 259 P. 2d 889.

June and December, 1950, after a survey, Gibbs filed amendments to his original locations and accurately described the extent and location of his claims as presently situated. Meanwhile, appellants in May, 1950, located a group of claims known as the Juanitas which conflict with the Canaries.

Priority of location cannot be maintained by amendment if in fact the amendment amounts to a new and different location. However, neither niceties of description in original notices of location nor more than reasonable accuracy in the staking of claims is required to effectuate a valid location.[2]

Prospectors are not engineers nor does the law expect them to be. However, the law does require sufficient detail and accuracy in the notice as recorded to allow location of the claim upon reasonable effort.[3]

Where then, were the original Yellow Canaries located? Appellants contend the location to have been within an area designated for convenience as Area 1, miles from the present surveyed location, known as Area 2. Considerable testimony and evidence is in the record which, if credible, supports appellants' position. Area 1 is considerably closer to the Old County Highway than Area 2. Within Area 1 is a natural monument of yellow color asserted to be the original location of the notice of location and, by inference, the basis of the name "Yellow Canaries." Witnesses testified as to actually seeing the location notices, monuments and stakings within Area 1.

In direct conflict with appellants' evidence is that of respondents', whose witnesses testified that notices, monuments and stakes were moved, changed and destroyed upon

---

[2]Morrison's Mining Rights, Sixteenth Ed., p. 88.

[3]See Section 40-1-3, U.C.A. (1953); Morrison's Mining Rights, Sixteenth Ed., p. 86.

numerous occasions (as did appellants relative to those pertaining to the Juanita claims) ; that the only effect and purpose of the amended locations were to comply with the findings of the survey and to avoid conflict with admittedly prior and valid claims belonging to strangers to this suit; that the Canaries claims were all staked in Area 2 and were in the possession of and being worked by respondents before the filing of the Juanita claims; that some $4,000 had been expended upon the claims in Area 2 up to the time of trial; that the Juanita filings were made because of an unfounded rumor that the Canaries had "flown" to a new location and were a deliberate conflict in the hope of moving in on a known and proven location.

We have generalized the principal testimony only to point out that a finding as to the original location of the Yellow Canary claims is dependent upon the credibility of the witnesses. The trial court, having heard and observed the witnesses and after visiting the actual lands involved, resolved the issues in favor of the respondents and against the appellants. We are not inclined to disturb his findings.

Appellants' further contention is that even if the original locations of the Canaries claims were within Area 2, that they have been shuttled about within that Area to such an extent as to invalidate them. The problem here is the same and without setting forth the conflicting evidence, we find no error in the trial court's findings.

Costs to respondents.

WOLFE, C. J., and McDONOUGH, CROCKETT and WADE, J.J., concur.

HENRIOD, J., having disqualified himself does not participate herein.