348 P.2d 679

In the Matter of the General Determination of the WATER RIGHTS OF ESCALANTE VALLEY DRAINAGE AREA, Utah.

No. 8845.

Supreme Court of Utah.

Jan. 18, 1960.

E. J. Skeen, Salt Lake City, for appellant.

Walter L. Budge, Atty. Gen., Robert B. Porter, Jr., Asst. Atty. Gen., Sam Cline, Milford, for respondent.

NELSON, District Judge. .

On the 2nd day of April, 1958 this court granted an intermediate appeal to review an interlocutory decree by the District Court of Iron County relating to the determination of water rights in the Escalante Valley Drainage area. The suit in its

broad aspects covers both surface and underground water rights, but the intermediate appeal here relates only to an order made on the 13th day of December, 1957, fixing the duty of water, and the subsequent orders, amending the original order. These orders related only to underground water rights in Milford Valley.

The appellants are 42 owners of underground water rights having early priorities in that valley which they contend are being infringed by later appropriators. The order made December 13, 1957 fixed the duty of water upon which the appellants could exercise their established rights and irrigate their land at three acre feet per season, tentatively, and retained jurisdiction to further study the question and modify the order if that were deemed advisable. It was on the basis of this order that appellants petitioned this Court for an intermediate appeal alleging such decree was in effect conscripting their water rights and destroying their crops and causing irreparable damage. Since the intermediate appeal was granted the District Court has modified the original order allowing the appellants four acre feet per acre per season to water their crops. By stipulation of counsel the two orders modifying the original decree and the transcripts of each hearing that resulted in the amendments were added to the record. The stipulation provides that these documents may be considered by this court in disposing of the appeal.

Three basic issues are presented: (1) Was the intermediate appeal properly allowed; (2) is the temporary order allowing appellants four acre feet of water per acre per season supported by the evidence, and sufficient to prevent irreparable damage pending the filing of the final order fixing and decreeing the water rights of the respective parties; and (3) is the temporary order permitting appellants to use more than the four acre feet in one season provided the amount used in excess of this amount be deducted from their next season's water, valid?

The rule providing for intermediate appeal, Rule 72(b) Utah Rules of Civil Procedure, so far as pertinent provides:

"(b) From Interlocutory Orders or Decisions. Any party desiring to appeal from an interlocutory order * * may * * * file in the Supreme Court a petition to grant an appeal, setting forth the order complained of and the grounds and reasons for an appeal before final judgment * * * Thereupon the court, with or without having a hearing thereon, may authorize an appeal from the order complained of if it appears that such order involves substantial rights and will materially affect the final decision, and that a determination of its correctness before trial or final judgment will better serve the interests of justice."

Upon the basis of the petition to grant an appeal from the Interlocutory Decree of the District Court, alleging that "unless this appeal is permitted and relief is granted, the petitioners' priorities under the basic law of the State will be ignored in the administration of the underground basin during the three year interlocutory period, and their property will be destroyed to the irreparable damage of the petitioners," we then deemed it advisable and now reaffirm that determination, that it was proper to entertain the intermediate appeal. It is appreciated that the order made is tentative and that ordinarily this court will not entertain an appeal except from final orders or judgment. Yet circumstances might well exist in such a case as this that the interlocutory order itself might be burdensome, oppressive or actually conscriptive of legal rights, or property, that those adversely affected thereby should not be without remedy.

This could well be the case where the court delays, for an extended period of time, the determination and fixing of rights and duties and the making and entering of a final order, judgment or decree. While we do not favor an intermediate appeal whenever a litigant becomes dissatisfied with the procedures of a trial court, and while we recognize the right of a court to take such time as may be reasonably necessary in the trial of a matter, and to take under advisement and grant continuances for the purpose of taking further evidence, and to later determine, as in this case, the duty of water in a certain locality, yet when such procedure and delay will work irreparable damage, the right of intermediate appeal or other appropriate action should be available. Further when the Interlocutory Decree could be made final as to some part or portion of the subject matter of the lawsuit then it may even be advisable to take such appeal.

The question as to whether four acre feet per acre per season is sufficient water to irrigate crops grown by appellants in Milford Valley in accordance with their established use is a question of fact. On this point the trial court on March 5, 1959 made and entered a third amendment to the Interlocutory Decree, which in part reads as follows:

"That it is proper and desirable that a further trial period be allowed before final determination as to the duty of water involved herein.

"That during the irrigating season of 1959 the use of water from the underground basin involved shall be limited to four acre feet of water per acre of lands awarded a water right under the proposed determination herein."

The District Court's order is temporary. The ultimate fact is yet to be determined as to whether the duty of water herein shall be 4, 5, 6 or some other number of acre feet

per acre. The original order entered by the trial court specifically provided for retaining jurisdiction for a period of three years in order that the State Engineer may make further studies and reports to the Court as to the use of water and as to the status of the underground water table and to permit any party to present additional evidence as to reasonable irrigation requirements for the production of crops. This we think to be proper for reasons hereinafter stated. It appears that this time has been extended to and including the year 1960, and that the Court will then make a final determination.

We agree with appellants that the real issue in this case is how much water is required to produce crops under the conditions prevailing in Milford Valley. It is a settled rule that beneficial use shall be the basis, the measure and the limit of all rights to the use of water in this State.[1] No water should run to waste. In this arid country it becomes increasingly necessary, as the demand for water use increases, to pay careful attention to the manner of use so as to insure the greatest duty possible for the quantity of water available. Wasteful methods must be discontinued. The duty to accomplish this desired end falls upon all users regardless of the priority of appropriation.[2]

There appears to be a conflict in the evidence as to whether four acre feet per acre per season is adequate for production of crops in Milford Valley. We have heretofore stated:

"This court is authorized by the state Constitution to review the findings of the trial courts in equity cases, but the findings of the trial courts on conflicting evidence will not be set aside unless it manifestly appears that the court has misapplied proven facts or made findings clearly against the weight of the evidence".[3]

and although the interlocutory order of the District Court is not a final order and that court has reserved the right to modify the same over a period of time which, now appears, to be concluded in 1960, after which the District Court will make and enter a final order which, if so desired by either litigant may then be reviewed by this Court. Yet we rule at this time, that the record as a whole supports by proper and competent evidence, the temporary findings and conclusions and order of the District Court.

1. Hardy v. Beaver County Irrigation Co., 65 Utah 28, 234 P. 524; Riordan v. Westwood, 115 Utah 215, 203 P.2d 922; 73-1-3 Utah Code Annotated 1953.
2. Hough v. Porter, 51 Or. 318, 95 P. 732, 98 P. 1083–1102, 102 P. 728, Add From Brief pp. 20 & 21; McNaughton v. Eaton, 121 Utah 394, 242 P.2d 570.
3. Olivero v. Eleganti, 61 Utah 475, 214 P. 313, 315; Shaw v. Jeppson, 121 Utah 155, 239 P.2d 745.

■■ On the final point as to the aspect of the order allowing appellants to use in excess of the four acre feet provided that amount is deducted from their water allocation the following irrigation season seems to be fraught with difficulties. We agree with the trial court:

"that a prior appropriator does not have an unlimited right to the use of water, but is subject to a reasonable limitation of his right for the benefit of junior appropriators. That it is necessary and proper to limit prior appropriators to the volume of water reasonably required to raise crops under reasonably efficient methods of applying water to the land. That beneficial use is the basis and the measure and the limit to the use of water and water used in excess of the amount reasonably necessary to produce crops is not beneficially used."

■■ The inherent power always exists in a Court of equity for devising new and more adequate remedies if the facts of the case justify such action, and does not conflict with the law. The equitable jurisdiction of the court is and should be flexible, elastic enough to meet changing conditions and problems. Particularly is this true when applied to water rights and water use. We subscribe to the rule that the use of water must not only be beneficial to the lands of the appropriators, but it must also be reasonable in relation to the reasonable requirements of subsequent appropriators, and the Court has the power to order improved methods of conveying, measuring and diverting water so as to assure the greatest possible use of the natural resource.[4]

This power, however, is a limited power. The Court cannot by such means eliminate or modify established water rights.

The trial court in its order of March 5, 1959 provided:

"That users who used in excess of four acre feet during the year 1958 shall have charged against them the amount of such excess and at least one-fifth of the amount of such excess shall be deducted from the amounts to be received in each year beginning with the year 1959 until the excess use has been compensated for."

■■ We are of the opinion this provision is unworkable and will lead to confusion, uncertainty and deprivation of right. We have held one of the basic elements of a water right is the time, period or season when the right to the use exists. This must be unequivocally determined and set out. We now add to supplement such

4. Doherty v. Pratt, 34 Nev. 343, 124 P. 574; In re Willow Creek, 74 Or. 592, 144 P. 505, 146 P. 475; Tulare Irrigation District v. Lindsay-Strathmore Irr. Dist., 3 Cal.2d 489, 45 P.2d 972.

element that a water right is based upon annual use during the water use period of each year, or the entire year. An appropriator has a right to use a given quantity of water each year when the supply is available in the source according to his priority. If the supply is not sufficient the use must be curtailed or cut off in inverse order of priority.

 It was and is the function of the trial court to determine under the circumstances existing in Milford Valley the quantity of water each appropriator is entitled to divert from the common source for irrigation and other uses. The Court has no right to declare a forfeiture of a part of a farmer's water right which will accrue in the future to offset an excess amount used in a prior year. Each water user is entitled to a full supply each year if the water is available in the source regardless of the amount used in a prior year in excess of his right. To do otherwise could lead to abrogation of rights and chaos in the regulation of water use.

The rulings and orders of the trial court are affirmed, except as to that part of any such orders which directs and permits the State Engineer to allow a user to use additional water than that to which he is entitled provided the excess so used shall be charged against the water to which such user would otherwise be entitled during the following irrigation season. As to such part

of any order, it is our ruling that the same is hereby vacated and set aside. Costs to Respondents.

CROCKETT, C. J., and WADE and McDONOUGH, JJ., concur.

HENRIOD, J., concurs in the result.

CALLISTER, J., having disqualified himself does not participate herein.