THE NEPONSET LAND AND LIVE STOCK COMPANY, A CORPORATION, APPELLANT, *v.* JULIA I. DIXON AND GEORGE EASTMAN, SR., HER GUARDIAN, RESPONDENTS.[1]

EJECTMENT.—CONVEYANCE.—FAILURE TO RECORD DEED.—ACTUAL OCCUPANCY AMOUNTS TO ACTUAL NOTICE.—2 Comp. Laws 1888, § 2611, provides that every conveyance of real estate in order to operate as notice to third persons shall be recorded in the office of the recorder of the county in which such real estate is situated, but shall be valid and binding between the parties

[1] Rehearing denied August 31, 1894.

thereto without such record, and to all other persons who have had actual notice. Grantor conveyed a certain piece of land to defendant D. and afterwards conveyed the same land to plaintiff, which recorded its deed first. At the time the conveyance was made to plaintiff, defendant D. was in actual occupancy and possession of the land. *Held*, that the failure of D. to record her deed does not render it void as to subsequent purchasers, as actual possession and occupancy amounts to actual notice to all the world of the grantee's rights.

(No. 473. Decided July 27, 1894. 37 P. R. 573.)

APPEAL from the District Court of the Fourth Judicial District, Hon. James A. Miner, *Judge*.

Action in ejectment by the Neponset Land and Live Stock Company against Julia I. Dixon and George Eastman, Sr., her guardian. From a judgment for defendants, the plaintiff appeals. *Affirmed*.

*Mr. W. L. Maginnis,* for appellant.

*Mr. A. G. Horn, Messrs. Evans & Rogers,* and *Messrs. Kimball & Gilbert,* for respondents.

BARTCH, J.:

This is an action in ejectment brought by the plaintiff against the defendants, Julia I. Dixon, who is an insane person, and George Eastman, Sr., her guardian, to recover possession of a certain strip of land, being a part of section 24, township 8 N., range 6 E. It is 40 chains long by 6 chains and 10 links wide, and it, together with other land in the same section, was formerly owned by Albert H. Dixon, who was the patentee. Albert H. Dixon was at one time the husband of Julia I. Dixon, but at the time the transactions over which this controversy arose took place he was divorced from her. In the suit for divorce, it appears the court ordered him to convey to the

defendant Julia I. Dixon a piece of land in section 24, the north line of which should be 94 rods north of the south line of the section, and on the 8th of June, 1891, he conveyed to her, by warranty deed, a piece of land, the north line of which was 99 rods north of the south line of section 24, and this included the strip of land in question. The defendants took immediate possession, and were so in possession on the 16th day of September, when the same grantor conveyed by deed, with other land, this same strip of land in controversy, to the plaintiff, and this last deed was placed of record before the deed of the defendant Julia I. Dixon. On the trial the jury returned a verdict in favor of the defendants, and the court entered a judgment accordingly; and, upon motion for a new trial having been denied, the plaintiff appealed. There was a vast amount of evidence introduced in relation to the several government surveys, but, as both parties derive their title through a common source, and as the land in question is admittedly included and described in each conveyance, we think the questions arising under the several surveys are not material to the decision of this case.

The question which is decisive of the rights of the parties is whether the unrecorded deed of the defendant Julia I. Dixon is void as to the plaintiff company, under the facts and circumstances relating to the several conveyances. Counsel for appellant contends that the failure to record the prior deed produced such a result, as to the subsequent purchaser; and such contention must prevail, unless the appellant, at the time of its purchase, had actual notice of the prior conveyance of the land in question to the defendant Julia I. Dixon. It does not appear from the evidence that the plaintiff ever was in possession of the land in dispute, but it does appear therefrom that the defendants went into possession, harvested crops from a portion of the land, and were so in possession at the

time of the purchase of it by the plaintiff. Under our laws, a conveyance of real estate, to operate as notice to third parties, must be recorded in the office of the recorder of the county wherein the land is situate; but, as between the parties thereto, such conveyance is binding without such record, and so, likewise, it operates as to all parties who have had actual notice. Comp. Laws 1888, § 2611. When the plaintiff was negotiating for the purchase of the land in question, the defendants were the actual occupants thereof, and this was notice to the plaintiff of the existence of prior rights against the property, and was sufficient to comply with the demands of the law, because such occupancy was sufficient to put a reasonably prudent man upon inquiry, and such inquiry would have led to actual knowledge of the rights under which the defendants held possession, and of the state of the title. Such occupancy therefore amounted to actual notice to all the world.

This court, on a former occasion, in reference to the same question, through Mr. Justice Blackburn, said: " We think, therefore, that a person, at his peril, deals with or purchases real estate of one, in the possession of another, although said possession may be consistent with the record title. It is easy to find out the real situation by inquiry of the party in possession, and it is his duty to do so." *Toland* v. *Corey*, 6 Utah, 392, 24 Pac. 190; Pom. Eq. Jur. § 597. It also appears from the evidence that the grantor informed an officer of the plaintiff, at the time of the delivery of the deed, that he had conveyed the land in question to his wife; and, while there seems to be conflict in the evidence on this point, yet, the jury having passed upon it, this court, under the circumstances apparent from the record, will not inquire as to what influence it may have had upon the jury in arriving at their verdict.

Numerous errors have been assigned upon the rulings of

22

the court in regard to the admissibility of evidence, and upon its charge to the jury; and, while they have not escaped our notice, yet, upon due consideration, we are of the opinion that none of them are of sufficient materiality to the decision of this case to require separate discussion. There appears to be no reversible error in the record. The judgment is affirmed.

MERRITT, C. J., and SMITH, J., concur.