[Civ. No. 3515. First Appellate District, Division One.—October 5, 1920.]

## J. H. MAGINNIS, Respondent, v. EMELINE W. HURL-BUTT, Appellant.

[1] PUBLIC LANDS — STRIP ALONG CLEAR LAKE — CHARACTER OF — VALIDITY OF GRANT UNDER LAKE LOCATION ACT.—An attempted grant under the act of the state of California, approved March 24, 1893, and commonly known as the Lake Location Act, of lands along the shore of Clear Lake between the meander line of lands granted by the United States government and the edge of the lake at low-water mark conveyed no title to the person claiming under said grant, where the lands in question were not swamp and overflowed land within the meaning of that term as used in the act of Congress of September 28, 1850, commonly known as the Swamp Land Act; and grants of that character were not validated by section 3493s of the Political Code.

[2] QUIETING TITLE—ADVERSE POSSESSION — CONFLICTING EVIDENCE—JUDGMENT—APPEAL.—In an action to quiet title to a strip of land along the shore of Clear Lake between the meander line of the lands granted by the United States government to the predecessors of the plaintiff and the edge of Clear Lake at low-water mark, which the defendant claimed by adverse possession by one of her predecessors, the conclusion of the trial court, upon conflicting evidence, that the defendant failed at the trial to establish the right of such predecessor to the ownership of said lands by adverse possession must be sustained on appeal.

[3] ID.—DELAY IN INSTITUTION OF ACTION—LACHES.—Mere delay on the part of the legal owner of land in the institution of an action to quiet his title against occasional occupants of portions thereof cannot be held to constitute such laches as will bar his right of recovery.

APPEAL from a judgment of the Superior Court of Lake County. M. S. Sayre, Judge. Affirmed.

The facts are stated in the opinion of the court.

H. B. Churchill and Lovett K. Fraser for Appellant.

Arthur C. Huston for Respondent.

RICHARDS, J.—This is an appeal from a judgment in favor of the plaintiff in an action to quiet title.

The lands embraced in said action lie along the shore of Clear Lake between the meander line of the lands granted by

the United States government to the predecessors of the plaintiff, in the patent on which the latter relies, and the edge of Clear Lake at low-water mark. The defendant, in her pleadings and proofs in the trial court and in her briefs upon this appeal, relies, first, upon a certificate of purchase to said strip of land issued by the state of California to her predecessor; second, upon adverse possession of said strip of land by H. B. Guernsey, one of the defendant's predecessors in the possession of said premises; and, third, upon the plaintiff's laches in the institution of the present action.

[1] As to the first of these contentions, it was resolved by the trial court against the defendant upon evidence which sufficiently tended to show that the lands in question were not swamp and overflowed land within the meaning of that term as used in the act of Congress of September 28, 1850, commonly known as the Swamp Land Act; and hence that the attempted grant of said lands under the act of the state of California, approved March 24, 1893, and commonly known as the Lake Location Act (Stats. 1893, p. 341), conveyed no title to the defendant's original predecessor claiming under said grant (*Churchill* v. *Kingsbury,* 178 Cal. 554, [174 Pac. 329].) In that case also the claim of the defendant that grants of the character of that under which she claims were validated by section 3493s of the Political Code, is disposed of adversely to her contention.

[2] The appellant's second contention is that she has become entitled to said lands by adverse possession. With respect to this contention the evidence is conflicting. The trial court, in its opinion in the decision of said cause, reviews this evidence, and arrives at the conclusion that the defendant failed at the trial to establish the right of her predecessor Guernsey to the ownership of said lands by adverse possession. We have examined the record with reference to this subject and are of the opinion that the conclusion of the trial court in this regard must be sustained.

[3] The final contention of the appellant is that the plaintiff was guilty of laches in delaying the institution of this suit during a period of some sixteen years after the alleged adverse holding of the defendant's predecessor Guernsey, during which time the successors of Guernsey down to the defendant herein were dealing with this land. The evidence in the case, however, shows that said Guernsey did not

succeed in establishing his title to said land by adverse possession, but that subsequent to the year 1903 there was no regular occupancy of said land either by said Guernsey or by his successors down to the defendant herein, and hence that the plaintiff, having title to said land under the terms of his patent to the uplands adjacent to the same, had laid upon him no duty of commencing an action to quiet title against persons whose occasional occupancy of the premises, or whose payment of taxes thereon, would not have sufficed to create during said period a title by adverse possession. It is not contended that the respondent did any act which could be construed into an estoppel, and this being so, his mere delay in the institution of an action to quiet his title against occasional occupants of this portion of his lands cannot be held to constitute such laches as would bar his right of recovery in the instant case.

This disposes of the several points made by the appellant. The judgment is affirmed.

Waste, P. J., and Kinsell, J., *pro tem.*, concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 2, 1920.

All the Justices concurred.