[Civ. No. 745. Fourth Appellate District.—April 19, 1932.]

C. C. MADSON, Respondent, v. IRVING COHN, Surviving Executor, etc., Appellant.

Borton & Petrini for Appellant.

Chas. N. Sears for Respondent.

BARNARD, P. J.—This is an action to quiet title to two lots in the residential district of Bakersfield, based upon a claim of adverse possession. The title to the property was

not traced, so far as the record shows, except that it was acquired through a tax deed by Charles Cohn, now deceased, on July 24, 1918. On January 21, 1920, this plaintiff obtained a deed covering this property from the estate of S. M. Morrison. Subsequently the plaintiff paid off the balance of an assessment for putting in a sidewalk in front of the property, the first installment of which had been paid by Cohn. This action was brought on April 4, 1927, the amended complaint alleging that the plaintiff is and has been the owner and in the possession of the property, and "That said plaintiff for a period of over five years prior to filing of his complaint herein and had been in possession of said property herein continuously and paid all taxes, State Court (*sic*) and municipal, levied and assessed against said property and during all of said time had been, and ever since has been, and now is in adverse possession of said property, continuously since the day of ——, and paid all taxes levied against said property, State, County and municipal, and all assessments made and levied against said property, and improved said property." Judgment was entered in favor of the plaintiff, the court finding that ever since January 22, 1920, the plaintiff "has been in possession, and now is in actual possession of said described land and premises".

The only question raised by this appeal is as to whether or not adverse possession was established by the respondent, which, in turn, depends upon whether the finding just referred to is sustained by the evidence. While it appears that the respondent paid the remaining installments of the sidewalk assessment and paid all taxes after January 21, 1920, the only evidence as to possession or occupancy is as follows: The respondent visited the property from four to six times a year at which times he "looked around; figured on a few things to do with it". During 1925 or 1926 the father of respondent, at his request, planted two rose bushes between the sidewalk and the curb and four trees just inside the sidewalk. These trees were watered during two summers and were then broken down and killed by some boys who used the lot for a ball ground. The only other evidence of work or cultivation done on the place was that during one year the foxtail was cleaned off the lots.

The lots were not fenced, there were no buildings upon them, and they were never rented or leased for any purpose.

. The necessary requirements for establishing a claim of adverse possession, under a color of title, are set forth in section 322 of the Code of Civil Procedure, and include "a continued occupation and possession of the property". Such possession and occupation is further defined in section 323 of this code. The general rules applying, where it is sought to establish adverse possession, are thus laid down in *Unger* v. *Mooney*, 63 Cal. 586 [49 Am. Rep. 100] :

"The adverse character of the possession must in every case be manifested to the owner. The owner must be notified, in some way, that the possession is hostile to his claim, or the statute does not operate on his right. (See remarks, in opinion, in *Thompson* v. *Pioche*, 44 Cal. 517, 518; *Trustees etc. Town of Fort [East] Hampton* v. *Kirk*, 84 N. Y. 220 [38 Am. Rep. 505] ; *Culver* v. *Rhodes*, 87 N. Y. 354; *Abell* v. *Harris*, 11 Gill & J. (Md.) 371, per Dorsey, J.) As was said in the case cited from 84 N. Y., per Andrews, J., 'the object of the statute defining the acts essential to constitute an adverse possession is, that the real owner may, by unequivocal acts of the disseizor, have notice of the hostile claim and be thereby called upon to assert his legal title'. Hence, an open and notorious occupation with hostile intent is a necessary constituent of an adverse possession. Neither a hostile intent without such occupation, nor such occupation without hostile intent, is sufficient."

In *Stanley* v. *Westover*, 93 Cal. App. 97 [269 Pac. 468, 473], the court said: "One of the elements necessary to constitute adverse possession is that the adverse claimant must have been in the actual possession of the real property for a continuous period of five years."

In *Eddy* v. *Demichelis*, 100 Cal. App. 517 [280 Pac. 389, 390], it is said: "The presumption of ownership is with the paper title. Clear evidence is necessary to overcome this presumption. The adverse claim of right must not only exist in the .mind of the claimant but must be proven to have been communicated in some way to the owner so that his failure to object may be taken against him as an acknowledgment of or acquiescence in the right claimed." (Citing cases).

■ Proof of occasional occupancy is not sufficient to establish a title by adverse possession. (*Maginnis* v. *Hurlbutt*, 49 Cal. App. 460 [193 Pac. 606].) In *Huling* v. *Seccombe*, 88 Cal. App. 238 [263 Pac. 362], it was held that the occasional cutting of wild grass or weeds was not sufficient proof of occupancy or possession upon which to base a claim of adverse possession. In *Weyse* v. *Biedebach*, 86 Cal. App. 736 [261 Pac. 1092, 1095], evidence to the effect that the appellant had posted upon the property a notice bearing his name and address with the word "owner" thereon, that he had paid all taxes, and that he had removed from the premises a tank with the oil contained therein, was held not sufficient to show the required occupancy or possession. In that case the court said: "But to sustain a title by adverse possession it is incumbent upon the claimant to show actual, continued occupation and possession for a period of five years, in addition to the payment of state, county, and municipal taxes levied and assessed upon the property. (Code Civ. Proc., secs. 322, 323, 325.)"

Applying these rules to the case before us, we are forced to the conclusion that the evidence in this case does not show such a continued occupation and possession as is required by the statute, and that the finding in that regard is not supported by the evidence.

The judgment is reversed.

Marks, J., and Jennings, J., concurred.