## PENDER v. JACKSON, et al.

No. 7896.   Decided July 28, 1953. (260 P. 2d 542.)

502

See 2 C.J.S. Adverse Possession, sec. 24. Adverse Possession, actual possession as necessary to claim. 1 Am. Jur., Adverse Possession, sec. 128; 22 A.L.R. 550.

*Milton V. Backman and R. S. Johnson,* Salt Lake City, for appellant.

*Irwin Clawson,* Salt Lake City, for respondents.

McDONOUGH, Justice.

This is an action to quiet title in the plaintiff to named realty. Defendants filed an answer and counterclaim claiming as successors to twenty-six twenty-sevenths of the interest in the property, and the lower court entered a decree in their favor.

Plaintiff acquired a tax deed to the realty on June 7, 1939, paying $44.33 therefor, recorded the same and paid all taxes on the realty from 1940 to and including 1949. Plaintiff testified that he went upon the ground in 1939, and at least once each year subsequently; that he kept the weeds down and put up "For Rent" and "No Trespassing" signs; and that in 1949 he plowed the ground. Although persons living in the vicinity testified that they had never observed the signs nor any other activity indicating that the land was being held adversely and under claim of ownership, other evidence establishes the fact that defendants were aware of plaintiff's claim under the tax title. It was stipulated that the auditor's affidavits were not attached to the 1934 assessment rolls, pursuant to which year's delinquent tax sale plaintiff's tax deed was issued.

*Telonis* v. *Staley*, 104 Utah 537, 144 P.2d 513, 517, held that the statutes requiring attachment of the auditor's affidavits to the assessment rolls, Utah Code ■ Ann. 1953, 59-7-9 and 59-8-7, established a substantive rule, designed for the protection of the taxpayer, and

"in the absence of any curative provision in the statutes for failure of the auditor to subscribe to and attach such certificate of authentication in affidavit form, the requirement of the statute must be observed."

Plaintiff contends that since general curative statutes[1] have been enacted in an attempt to cure all tax procedural flaws, the reason for the rule in *Telonis* v. *Staley*, supra, has been abrogated, and hence this court should reverse the holding in that case. There is no merit in this contention. The statutes cited by plaintiff are indeed general, dealing for the most part with matters of limitation, and are in no way related or designed to substitute for "failure of the auditor to subscribe to and attach such certificate." We find no basis or reason for disturbing the rule of the Telonis case.

Plaintiff next contends that the trial court erred in denying his adverse possession. Utah Code Ann. 1953, 2, 3 78-12-9, provides:

"For the purpose of constituting an adverse possession by any person claiming a title founded upon a written instrument or a judgment or decree,, land is deemed to have been possessed and occupied in the following cases:

\* \* \* \* \* \* \* \*

"(3) Where, although not inclosed, it has been used \* · \* \* for the *ordinary use of the occupant.*" (Italics added.)

Plaintiff relies upon the proposition that since he deals in real property interests and has often purchased and held property at tax sales; that since the character of the land involved is such that holding for speculation would be a

[1]Chapter 19, Session Laws of Utah, 1951, 104-2-5 to 104-2-5.11. See also Compiler's Notes to 9 Utah Code Ann. 1953, page 106.

normal use; therefore, "holding the land for investment, speculation, lease, or the like" are ordinary uses permitted to him as an occupant. We do not agree. Merely holding land for speculation is the *purpose* for which the land is held and not *use* of the land; we are not disposed to distort the phrase "ordinary use of the occupant" to a point beyond meaning. This is true even though a landowner is cognizant of the facts and the adverse claim because the necessary element of possession or occupation, as defined by the Utah statute, is not established. The rule is stated in *Madson* v. *Cohn*, 122 Cal. App. 704, 10 P.2d 531, 532, as follows:

> " 'Hence, an open and notorious occupation with hostile intent is a necessary constituent of an adverse possession. Neither a hostile intent without such occupation, nor such occupation without hostile intent, is sufficient.' "

In *Day* v. *Steele*, 111 Utah 481, 184 P.2d 216, 219, the tax title claimant paid the taxes, placed a commercial sign on the property, installed a water meter for future connection, and allowed the dumping of dirt on the land. This was held to be insufficient possession under the Utah statute, the court reasoning as follows:

> "Under such circumstances we are of the opinion that the property was not improved in the manner usual to improve that kind and character of land for the uses to which it could be put."

In *Weyse* v. *Biedebach*, 86 Cal. App. 736, 261 P. 1092, 1095, evidence to the effect that the plaintiff has posted upon the property a notice bearing his name and address with the word "owner" thereon, that he had paid all taxes, and that he had removed from the premises a tank with the oil contained therein, was held not sufficient to show the required occupancy or possession. In that case the court said:

> "But to sustain a title by adverse possession it is incumbent upon the claimant to show actual, continued occupation and possession * * *, in addition to the payment of state, county, and municipal taxes levied and assessed upon the property."

By reason of the foregoing rules, we affirm the trial court's finding that plaintiff was not in possession of the property as required by the adverse possession statute. Costs to respondent.

WOLFE, C.J., and CROCKETT, HENRIOD and WADE, J.J., concur.