283 P.2d 884

Harvey D. HANSEN and Elva B. Hansen, Respondents,

v.

Mrs. Mary E. MORRIS, Della Saijo, Defendants,

George R. Spence and Alice Spence, his wife, et al., Appellants.

No. 8267.

Supreme Court of Utah.

May 12, 1955.

William L. Beezley, Salt Lake City, for appellant.

Richards, Bird & Bushnell, Salt Lake City, for respondent.

HENRIOD, Justice.

Appeal from a judgment quieting title to realty in plaintiffs. Affirmed, with costs to plaintiffs.

Defendants acquired the property in 1928. Since then they have not actually occupied nor paid taxes on the property. An Auditor's Deed was issued to the county for failure to pay delinquent taxes before the so-called May Sale, pursuant to claimed statutory authority. Thereafter the county deeded its interest to plaintiffs' predecessor in interest. No claim is made that the deed was not valid on its face or that it was not

issued by the proper governmental authority.

Defendants assail this tax title on a number of grounds, only those of which we deem necessary for this decision being: that (1) plaintiffs failed to prove all pertinent steps incident to perfection of a tax title and hence have no valid title under the decisions of this Court, (2) that plaintiffs failed to plead the limitations statute and hence cannot avail themselves thereof on appeal, (3) that no such statute exists, and (4) that if it does, it is unconstitutional.

As to (1): Over the years this Court consistently has invalidated tax titles, principally because statutory procedural requirements have not been followed.[1] Statutes have been enacted designed to eliminate proof of certain facts by the admission of certain official documents in evidence which prima facie establish the facts therein recited or the regularity of procedure theretofore taken in proving a tax title.[2] These have aided but little in clearing tax titles. In 1943 the legislature enacted a statute of limitations designed to lay at rest tax titles, which statute proved abortive when we invalidated it in the case of Toronto v. Sheffield, 118 Utah 460, 222 P.2d 594, for reasons therein assigned. Another effort to provide a statute of limitations designed to validate tax titles was made by passage of Chapter 19, 104–2, Laws of Utah 1951, 78–12–5.2, U.C.A.1953, Pocket Supplement, the two sections of which are alone important so far as this case is concerned, and which read as follows:

"Section 104–2–5. Seizin or Possession Within Seven Years—Proviso—Tax Title.

"No action for the recovery of real property or for the possession thereof shall be maintained, unless the plaintiff or his predecessor was seized or possessed of such property within seven years from the commencement of such action; *provided, however,* that with respect to actions or defenses brought or interposed for the recovery or possession of or to quiet title or determine the ownership of real property against the holder of a tax title to such property, no such action or defense shall be commenced or interposed more than four years after the date of the tax deed, conveyance, or transfer creating such tax title unless the person commencing or interposing such action or defense or his predecessor has actually occupied or been in possession of such property within four years prior to the commencement or interposition

1. Pender v. Jackson, Utah, 260 P.2d 542; Toronto v. Sheffield, 118 Utah 460, 222 P.2d 594 and cases therein cited; Jenkins v. Morgan, 113 Utah 534, 196 P. 2d 871; Peterson v. Weber County, 99 Utah 281, 103 P.2d 652; Home Owners Loan Corp. v. Stevens, 98 Utah 126, 97 P.2d 744; Bolognese v. Anderson, 87 Utah 450, 44 P.2d 706 and cases therein cited.

2. Title 80–10–66, Revised Statutes of Utah 1933; Title 80–10–68(5), Utah Code Annotated 1943.

of such action or defense or within one year from the effective date of this amendment."

"Section 104–2–5.11. Definition of Tax Title.

"The term tax title * * * means any title to real property, whether valid or not, which has been derived through or is dependent upon any sale, conveyance or transfer of such property in the course of a statutory proceeding for the liquidation of any tax levied against such property whereby the property is relieved from a tax lien."

It appears obvious that such sections were enacted to eliminate the objections pointed out in the Toronto case, and were intended to prevent raising of defenses based on failure to comply with statutory steps leading down the long road traversable in perfecting tax titles, unless one claiming a better title assert his rights within four years after a document of transfer, valid on its face, has been executed and delivered "in the course of a statutory proceeding for the liquidation of any tax levied against * * * property whereby the property is relieved from a tax lien."

In holding such sections valid, we can see no merit in any argument to the effect that if any of the statutory steps necessary to perfect a tax title have not been

taken, such as failure to give notice of sale, failure of the auditor to execute affidavits, etc., compels the conclusion that title remains in the record owner, hence no title passes, hence any claim by the county and/or its grantee by tax deed is invalid, hence the statute of limitations does not apply. The same argument could be leveled against other statutes of limitation where the authorities have validated a situation where one becomes the owner absolute of the property of another, without conveyance of any kind, but merely as an adjunct of the passage of time and the performance of statutorily prescribed conditions. The same argument also could be leveled against the so-called prima facie statutes which legitimize such shifting of unconveyed title by permitting certain documents to establish, prima facie, facts therein recited or the regularity of proceedings theretofore had, where such prima facie evidence is either not attacked or survives an attack,[3] even though later it develops that occurrences prior to the adduction of such evidence would have prevented such shifting of title had they been urged before such evidence was adduced.

As to the contention that (2) the limitations statute was not pleaded and hence was waived: We concede that statutes of limitation generally must be pleaded.[4] Such principle usually applies to de-

---

3. Title 80–10–66, 1933, supra; Title 80–10–68(5), 1943, supra.

4. Rule 8(c) Utah Rules of Civil Procedure; Utah Delaware Mining Co. v. Industrial Comm., 76 Utah 187, 289 P. 94; 34 Am.Jur. 333, Sec. 422 et seq.

314

*fendants* only. In our instant case we have the unique situation where such a statute must be pleaded by the *plaintiff*. Under Rule 8(c)[5] statutes of limitation must be pleaded and at first blush it would appear that plaintiff is bound by such rule. However, an anomaly is presented where, as here, *plaintiff* must assert the statute, since the only pleading available to him would be a reply, a pleading unauthorized under Rule 7(a) as a matter of right, except in attacking a counterclaim, and which can only be filed by order of the court.[6] Hence, it is obvious that Rule 8(c), in logic and good sense cannot hold a plaintiff seeking to assert a statute to knock out a *defense,* to the same strict accountability that it can a defendant seeking to knock out a *claim.* Counsel for plaintiff did about all he could to assert the statute: He requested in writing, an admission, under Rule 36, that (1) the property was sold for taxes, (2) that plaintiff claimed under a tax title and (3) that defendants had not actually occupied the property within the statutory four year period,—obviously having in mind the assertion of the statute, as a comparison of its language and that of the request for admission readily will reflect. Furthermore, at the very outset of the trial, upon being asked by opposing counsel if the statute were to be relied on, counsel for plaintiffs announced that "If you challenge the validity of the tax sale, we will then assert the laws contained in Sec. 78–12–5.1 and following immediately thereafter * * * as being a bar to any attempt to challenge the validity of the tax sale." We believe our rules of pleading the statute were satisfied in this unorthodox situation.

The contention that (3) the limitations statute, Chapter 19, Laws of Utah 1951, was repealed by Chapter 58, same laws, seems without merit. Both were passed the same day and became effective on the same day.[7] Although Chapter 58 repealed Chapter 19's parent statute, it did not repeal Chapter 19. Under such circumstances it is not reasonable to assume that the legislature intended to repeal Chapter 19. Had such been the intention, the legislature, in Chapter 58, specifically could have repealed Chapter 19 as it did other statutes. It is conceded that Chapter 19 purported to amend its parent statute, which latter was repealed by Chapter 58. Nevertheless, where an act purports to amend a repealed act, the majority and, we think, the more sensible view, is that such an act is in esse

5. "In pleading to a preceding pleading, a party shall set forth affirmatively * * statute of limitations * * * and any other matter constituting an avoidance or affirmative defense."

6. "There shall be a complaint and an answer; and there shall be a reply to a counterclaim denominated as such; an swer to a cross-claim * * *. No other pleading shall be allowed, except that the court may order a reply to an answer or a third party answer."

7. Art. VI, § 25, Utah Constitution: " * * and no act shall take effect * * * until sixty days *after the adjournment* of the session at which it passed * *."

and valid,[8] if (we add) its title satisfies constitutional requirements,[9]—which appears to be the. case here,[10] and if it reasonably appears that the legislature intended the amendatory act to be operative.

As to (4) the constitutionality of the statute, without indulging in a lengthy discussion thereof, we are constrained to hold that defendants' assertion that such statute deprives them of property without due process of law, cannot be sustained under the authorities applicable to limitations statutes generally.[11]

In passing, we do not wish it understood that our decision is applicable to conveyances void on their face, such as those containing no grantor, grantee, description, etc., or to those that may be forged or the like, but only to those valid on their face, as here, and executed by the same authority that could have passed good title if each and every statutory step in perfecting a tax title had been followed, without the aid of a limitations statute.[12]

McDONOUGH, C. J., and CROCKETT, WADE and WORTHEN, JJ., concur.

8. 1 Sutherland, Statutory Construction, 3rd Ed. (Horack), 328, Sec. 1903.

9. Art. VI, § 23, Utah Constitution: "Except general appropriation bills, and bills for the codification and general revision of laws, no bill shall be passed containing more than one subject, which shall be clearly expressed in its title."

10. "An Act Amending * * * and Enacting New Laws * * * Limiting the Period Within Which Actions May Be Commenced for Recovery of Real Property Sold and Conveyed to the County Under Tax Deed or for the Possession Thereof."

11. Geekie v. Kirby Carpenter Co., 106 U.S. 379, 1 S.Ct. 315, 27 L.Ed. 157; Toronto v. Sheffield, supra; 34 Am.Jur. 27, Sec. 18.

12. Jones v. Russell, 187 Miss. 827, 194 So. 290; Strauss v. Thompson, 180 Okl. 506, 71 P.2d 994; Eagles v. General Electric, 5 Wash.2d 20, 104 P.2d 912.