313 P.2d 814

Victor L. PETERSON, Plaintiff and Respondent,

v.

William D. CALLISTER et al., Defendant and Appellant.

No. 8584.

Supreme Court of Utah.

July 16, 1957.

Dissenting Opinion Sept. 30, 1957.

360

Ralph J. Hafen, Monticello, W. D. Callister, Salt Lake City, for appellant.

F. Bennion Redd, Monticello, Frandsen & Keller, Price, for respondent.

HENRIOD, Justice.

Appeal from a judgment quieting title to realty in plaintiff. Affirmed with costs to plaintiff.

One Bales became patentee of the subject property in 1926. Thereafter he paid no taxes. In 1932, pursuant to a San Juan County treasurer's certificate, the property was struck off to the county for taxes amounting to $32.74, by virtue of an unacknowledged Auditor's Tax Deed, which instrument, however, was recorded. In 1944 the county, by an unacknowledged Tax Deed, purported to sell the property to plaintiff "in consideration of payment * * of delinquent taxes * * * constituting a charge against said real estate which was sold to San Juan County * * * for nonpayment of general taxes assessed against it for the years 1927–8–9–30 in the sum of $250.00 * * *" This deed also was recorded, although not acknowledged. Since then the plaintiff has occupied and operated the property as a farm. In 1948 the defendant obtained a quitclaim deed from Bales, the patentee, but he has not occupied, paid taxes on or attacked the possession of plaintiff at any time. This suit was commenced in 1955.

Defendant urges that a number of statutory steps were not followed in conveying the property to the county and there-

after to plaintiff, such as failure to attach an auditor's affidavit to the assessment roll for the year the property was delinquent taxwise, failure to acknowledge the instruments, etc., all of which would prevent title from passing from Bales to the county and then to the plaintiff. We agree with the defendant that title technically may not have passed, but the plaintiff can prevail here even with an invalid tax title by virtue of Titles 78–12–5.1 and 5.3, Utah Code Annotated 1953. Plaintiff had a tax title, valid or not, which was derived through a sale and conveyance of the property in the course of a statutory proceeding for the liquidation of a tax which had been levied against it, which tax was relieved by the transfer. Defendant did not have possession thereof at any time during the statutory period in which he must have occupied the property in order to protect his record title. We believe the evidence here satisfies the sections mentioned, and that the county deed was valid on its face. The facts here are almost identical with those found in Hansen v. Morris, 3 Utah 2d 310, 283 P.2d 884, which we consider controlling, and which sets out reasons that we reaffirm in concluding as we do.

■ Title 78–12–5.1 is a statute of limitations which prevents the assertion of a defense by a record owner if he has not had possession of the property during a four-year period after one has received a tax title thereto, valid on its face, and this is true whether the tax title is valid or not. It is not unlike other statutes of limitation, such as those barring an action on negotiable paper by passage of time. The obligation in such case may remain but the holder cannot enforce it. Likewise, title technically may not have passed here, but the record owner cannot assert his title because of the statute's interdiction against asserting title or setting up defenses. It is a statute of repose, obviously intended to lay at rest claims against tax titles which are asserted more than four years after acquisition of a tax title under statutory proceedings, and where the record owner has not had possession during that period.

■■ Defendant urges that because the county deeds had no acknowledgments, title could not and did not pass. This contention is answered by the observations above to the effect that title technically need not pass to protect a tax title claimant, and also by Title 57–1–6, Utah Code Annotated 1953, which makes the deed binding between the parties,—the plaintiff and the county,—and also against all having notice of the situation, which includes the defendant here, he having had actual notice of the matter be-

cause of plaintiff's occupancy of the property.[1]

■ Although the matter was not raised in this appeal, we feel constrained to make some observations concerning the wording of Titles 78–12–5.1 and 5.2. The defendant did not claim possession at any time during the four years following the tax deed, nor did he claim possession at any time during the four years prior to the commencement of the action. If read literally and not in context with the entire statute, some of the wording might make it appear that one holding a tax title, say, for twenty-five years, who commences an action thereon, could be defeated if a defendant having a record interest in the property could show that he·had possession of the property, even for a brief time, within the four years next prior to the commencement of the action. We believe the legislature had in mind a four-year statute of limitations barring claims against tax titles, which four-year period dated from the initiation of the tax title, during which period any claimant against the tax title must have had possession of the property to protect any claim he might have. Any other interpretation does not square with the general nature and purpose of the act, and could lead to novel and, we believe, unintended results, so as to defeat the entire purpose of a statute that seems to be designed to settle, not confuse, and to make certain, not uncertain, titles based on statutory liquidation of tax charges.

McDONOUGH, C. J., and WADE, J., concur.

WORTHEN, J., concurs in the result.

CROCKETT, J., will file opinion later.

September 30, 1957

CROCKETT, Justice (dissenting).

The decision runs counter to the fundamental principle that in order to deprive a legal owner of his property through tax proceedings the requirements of proof and of law must be strictly complied with.[1]

The difficulty in this case as presented to us on review is a failure of proof. The only suggestion that the plaintiff had any interest in the property must be inferred

1. Mathis v. Madsen, 1 Utah 2d 46, 261 P. 2d 952; Meagher v. Dean, 97 Utah 173, 91 P.2d 454; Jordan v. Utah Railway Co., 47 Utah 519, 156 P. 939; Neponset Land & Live-Stock Co. v. Dixon, 10 Utah 334, 37 P. 573; American Law of Property, Vol. IV, Sec. 17.12, p. 574.

1. Fivas v. Petersen, 5 Utah 2d 280, 300 P. 2d 635.

from the contents of an entry in the abstract of title containing certain recitals purporting to indicate that the interests of San Juan County (if any it had) were transferred to Peterson. No other document was introduced which would give the plaintiff the benefit of any presumption of the regularity of antecedent tax proceedings. This would not be accomplished by the unacknowledged auditor's tax deed the representation of which is included in the abstract. It seems to me that it is of the utmost importance to a proper determination of the issues in this case to take into account the fact that the document in the abstract purporting to represent a deed, which was introduced in evidence, is not endowed by law with any special attributes of proof and is unsupported by any proof other than its own recitals, which are not competent evidence of anything.

No statute exists making a deed from the county prima facie evidence of the regularity of tax proceedings. It does not prove: the prime requisite that there was any tax levied upon or tax lien attached against the property; that there was any tax sale or forfeiture of the property to the county relieving the property of any tax lien; nor was the propriety of any of the tax proceedings in connection with such property shown. In fact the purported deed did not even indicate an acknowledgment so it is not aided by our statute which provides that the deed together with the certificate of acknowledgement is self-proving.[2] From anything that appears such a document may have come into existence by mistake, inadvertence or even by some machination or fraud against the legal titleholder. There is simply no proof of what its import or effect may be.

There being a failure of proof as to any means by which the county acquired any interest in the property, from aught I can see, the county is no more than an interloper in the chain of title, and the plaintiff Peterson stands in no better position.

Concerning the four-year statute of limitations[3] I do not gainsay that if Peterson had taken and held possession for four years under a *tax title, as defined in the statute,* he would be clothed with protection. But this presupposes that he had some sort of tax title to claim under. The words of that statute, that it applies even if the tax title proves defective, cannot properly be construed to mean that the statute of limitations applies to protect one who has no tax title at all.

2. 78–25–13, U.C.A. 1953.

3. 78–12–5.1, U.C.A. 1953 as amended.