345 P.2d 200

Elsa B. MICHAEL and Beverly S. Clendenin, and Elsa B. Michael, Trustee of a Trust for the use and benefit of Helen B. Behal, Plaintiffs and Respondents,

v.

SALT LAKE INVESTMENT CO., an expired Utah corporation, and Salt Lake Investment Co., a Utah corporation, Defendants and Appellants.

No. 9034.

Supreme Court of Utah.

Oct. 19, 1959.

Backman, Backman & Clark, Salt Lake City, for appellants.

Fabian & Clendenin, Kent Shearer and Bryce E. Roe, Salt Lake City, for respondents.

HENRIOD, Justice.

Appeal from a quiet title judgment for plaintiffs. Affirmed with costs to plaintiffs.

Plaintiffs assert title by written instrument and adverse possession. A general denial attacked such claim, and a tax title in defendant was pleaded. Defendant did not counterclaim, however, nor did it offer any written evidence in support of its claim.

The subject property lies between an arterial highway and a railroad. From 1882 to March, 1898, persons named Folsom had record title, when they warranted it to Simon·Bamberger, who, in addition to such conveyance, acquired a county tax deed in 1906, the property having been struck off to the county for 1897 and 1898 delinquent taxes. Prior to any of said dates the county already had taken the property for delinquent taxes of 1896. In 1909 the county purportedly deeded the same property to defendant for $8.32, for the 1896 taxes. Plaintiffs' tax deed given to satisfy a later prevailing tax lien[1] and a conveyance from Bamberger represent a claim of title by written instrument.

From the evidence, the following facts relating to adverse user reasonably could have been believed by an arbiter of the facts.

Since 1924, at least, plaintiffs and their predecessors have paid all taxes levied against the property. Since 1917, at least, the property has been occupied by Bamberger, his representatives, tenants and successors, including the Bamberger Railroad. Between 1917 and 1935 it was used

---

1. Western Beverage Co. of Provo, Utah, v. Hansen, 98 Utah 332, 96 P.2d 1105.

as a railroad tie yard, with 8 x 8 x 8 foot stacks situate thereon, working corridors being provided between. No trespassing signs were erected. Bamberger interests had leased the property to Wagstaffs, who constructed a surface oil pipeline over the property, placed oil tanks and trucks thereon, and the Wagstaffs occupied the same in connection with their oil business, with 2,000 gallon tanks, and a building erected on a cement foundation being situate thereon. Heavy steel racks were installed, drums on cement piers erected, and heavy trucks and trailers parked there. From 1941 to 1947, due to wartime exigencies, the property also was used as a war surplus and salvage yard, in addition to the Wagstaff oil operation, and the premises continuously have been used by the Wagstaff interests until time of this litigation, including leasing out arrangements with others as tenants of the Wagstaffs. The property has been surfaced and oiled several times. Many other similar uses were made of the property which clearly evinced an intention to use and a use inconsistent with rights in others, including defendant corporation, whose charter expired in 1953, with no attempt having been made to use the property or to distribute it to owners or stockholders. The hostile, adverse use had a singularly marshalled continuity, coupled with full payment of all taxes, for a long period well beyond the statutory requirement.[2]

Error is urged that the findings are mere conclusions of ownership. Such findings, though employing language often used in conclusions, appear to be sufficient to support the conclusions entered and the judgment, and a remand for amplification or clarification would seem to be a useless gesture.

■ With defendant's assertion that plaintiffs must prevail on the strength of their own title we have no quarrel, believing, however, that their burden in this respect successfully has been shouldered.

CROCKETT, C. J., and WADE, CALLISTER and McDONOUGH, JJ., concur.

---

2. Secs. 78–12–9, 78–12–12, Utah Code Annotated.