368 P.2d 68

Albert J. COPE, Administrator de bonis non of the Estate of Francis Cope, Deceased, Merlin R. Lybbert, Administrator of the Estate of William P. Epperson, Deceased, Allan Shott, Jr., Eloise B. Shott and Adelphine Cope Sudbury, Plaintiffs and Appellants,

v.

BOUNTIFUL LIVESTOCK COMPANY, DAVIS COUNTY, a municipal corporation, Bryant Jacobs, Treasurer of Davis County, State of Utah, Salt Lake Pipeline Company, a Nevada corporation, and Salt Lake Refining Company, a Nevada corporation, Defendants and Respondents.

No. 9531.

Supreme Court of Utah.

Jan. 18, 1962.

Skeen, Worsley, Snow & Christensen, Salt Lake City, for appellants.

J. Duffy Palmer, S. Mark Johnson, Bountiful, and Milton J. Hess, Farmington, Davis County Attys., Van Cott, Bagley, Cornwall & McCarthy, Salt Lake City, for respondents.

WADE, Chief Justice.

All the appellants herein who were the plaintiffs below brought action for a declaratory judgment to determine the rights of the parties hereto.to real property possessed by defendants and respondents herein under a tax deed from Davis County in October, 1944, purporting to convey all the real property involved herein to the Bountiful

Livestock Company. This appeal is from a judgment adverse to them.

In their complaint appellants alleged that the application to purchase the property from the county was made by a brother of one of the county commissioners who participated in the sale. That thereafter as a result of this purported sale, the Bountiful Livestock Company received the tax deed and ever since the sale has been in possession of and occupied the land in question. They further alleged that this county commissioner who participated in the sale was at the time an officer and substantial stockholder in the Bountiful Livestock Company, and therefore such sale was a direct violation of the provisions of Section 17–5–10, U.C.A.1953, and ineffective to pass title from Davis County. The record discloses that the Bountiful Livestock Company or its successors in interest have paid the taxes on the property since receipt of the purported tax deed from Davis County.

In their answers respondents pleaded that the appellants' action was barred by the provisions of Sections 78–12–5.1, pocket supplement, U.C.A.1953, 78–12–5.2, pocket supplement, U.C.A.1953, 78–12–6, U.C.A. 1953, 78–12–8, U.C.A.1953 and 78–12–12.1, pocket supplement, U.C.A.1953.[1] We agree.

1. "78–12–5.1. Seizure or possession within seven years—Proviso—Tax Title.— No action for the recovery of real property or for the possession thereof shall be maintained, unless the plaintiff or his predecessor was seized or possessed of such property within seven years from the commencement of such action; provided, however, that with respect to actions or defenses brought or interposed for the recovery or possession of or to quiet title or determine the ownership of real property against the holder of a tax title to such property, no such action or defense shall be commenced or interposed more than four years after the date of the tax deed, conveyance, or transfer creating such tax title unless the person commencing or interposing such action or defense or his predecessor has actually occupied or been in possession of such property within four years prior to the commencement or interposition of such action or defense or within one year from the effective date of this amendment."

"78–12–5.2. Holder of tax title—Limitations of action or defense—Proviso.—

No action or defense for the recovery or possession of real property or to quiet title or determine the ownership thereof shall be commenced or interposed against the holder of a tax title after the expiration of four years from the date of the sale, conveyance or transfer of such tax title to any county, or directly to any other purchase thereof at any public or private tax sale and after the expiration of one year from the date of this act. Provided, however, that this section shall not bar any action or defense by the owner of the legal title to such property where he or his predecessor has actually occupied or been in actual possession of such property within four years from the commencement or interposition of such action or defense. And provided further, that this section shall not bar any defense by a city or town, to an action by the holder of a tax title, to the effect that such city or town holds a lien against such property which is equal or superior to the claim of the holder of such tax title."

From the pleadings, answers and depositions the uncontroverted facts are that appellants have not been in possession of the real property involved herein for more than 12 years prior to the bringing of this action and have not paid any taxes thereon since 1932.[2] It also appears that in any event respondents have held possession under an apparent claim of right adversely to appellants for more than seven years by grazing sheep thereon.[3] Whether the tax deed was invalid is immaterial since, as this court stated in Welner v. Stearns[4] in the obtaining of title by adverse possession, "color of title, under our statute, is immaterial, except for the purpose of determining the extent of the possession." The appellants, therefore, cannot prevail under their own admissions.

Affirmed. Costs to respondents.

HENRIOD, McDONOUGH, CALLISTER and CROCKETT, JJ., concur.

"78-12-6. Actions or defenses founded upon title to real estate.—No cause of action, or defense or counterclaim to an action, founded upon the title to real property or to rents or profits out of the same, shall be effectual, unless it appears that the person prosecuting the action, or interposing the defense or counterclaim, or under whose title the action is prosecuted or defense or counterclaim is made, or the ancestor, predecessor or grantor of such person was seized or possessed of the property in question within seven years before the committing of the act in respect to which such action is prosecuted or defense or counterclaim made."

"78-12-8. Under written instrument or judgment.—Whenever it appears that the occupant, or those under whom he claims, entered into possession of the property under claim of title, exclusive of other right, founding such claim upon a written instrument as being a conveyance of the property in question, or upon the decree or judgment of a competent court, and that there has been a continued occupation and possession of the property included in such instrument, decree or judgment, or of some part of the property under such claim, for seven years, the property so included is deemed to have been [held] adversely, except that when the property so included consists of a tract divided into lots, the possession of one lot is not deemed a possession of any other lot of the same tract."

"78-12-12.1. Possession and payment of taxes—Proviso—Tax title.—In no case shall adverse possession be established under the provisions of this Code, unless it shall be shown that the land has been occupied and claimed for the period of seven years continuously, and that the party, his predecessors and grantors have paid all the taxes which have been levied and assessed upon such land according to law. Provided, however, that payment by the holder of a tax title to real property or his predecessors, of all the taxes levied and assessed upon such real property after the delinquent tax sale or transfer under which he claims for a period of not less than four years and for not less than one year after the effective date of this amendment, shall be sufficient to satisfy the requirements of this section in regard to the payment of taxes necessary to establish adverse possession."

2. Hansen v. Morris, 3 Utah 2d 310, 283 P.2d 884; Peterson v. Callister, 6 Utah 2d 359, 313 P.2d 814; Pender v. Alix, 11 Utah 2d 58, 354 P.2d 1066.

3. Cooper v. Carter Oil Co., 7 Utah 2d 9, 316 P.2d 320.

4. Welner v. Stearns et al., 40 Utah 185, on page 195, 120 P. 490, 493.