413 P.2d 603

STATE of Utah, by and through its ROAD COMMISSION, Plaintiff and Respondent,

v.

Polly THOMPSON et al., Defendants,

Utah Power and Light Company and Morgan Guaranty Trust Company of New York, Defendants and Appellants.

A. P. Neilson, et ux., Defendants and Respondents.

No. 10308.

Supreme Court of Utah.

April 25, 1966.

F. Gerald Irvine, Roberts B. Porter, Jr., Salt Lake City, for appellants.

Van Cott, Bagley, Cornwall & McCarthy, Grant Macfarlane, Jr., Allan M. Lipman, Jr., Salt Lake City, for respondents.

McDONOUGH, Justice:

The State Road Commission sued to condemn several tracts of land in the vicinity of Redwood Road and Second South Streets in Salt Lake City. One of these tracts, 1.41 acres, lying between the tracks of the Salt Lake and Los Angeles Railroad and those of the Western Pacific is the subject of this appeal. Ownership of it is claimed by the defendant Utah Power and Light Company and the defendants, A. P. Neilson and his wife, Lilly M. Neilson.

Neither the right to take the property under eminent domain, nor its value is in dispute. The issue is which of the defendants is entitled to the proceeds.

There is no dispute about the essential facts. After the parties had made their respective representations to the court at pre-trial, and had submitted briefs, the trial court ruled in favor of the Neilsons, from which the Utah Power and Light Company appeals.

The claims of title to the property in question arose in the following manner:

The fee title formerly stood in the name of Jacob I. Allenbach. After he had died, Harriet Allenbach executed a quitclaim deed dated July 7, 1950, to Valley Investment Company, which contained a recital that she was the widow of Jacob I. Allenbach. Valley Investment Company in turn executed a deed to Utah Power and Light Company, dated January 10, 1955. Since that time the latter has paid taxes assessed by the State Tax Commission in accordance with the requirements of the Public Utilities Act.

Respondents Neilson derive their claim of title to the property by virtue of a deed from Salt Lake County. There were tax sales for the years 1916, 1917 and 1932, and in consequence thereof auditor's tax deeds were issued to the County. The affidavit of the County Auditor was not annexed to the judgment rolls for the years mentioned and hence there was defect in the tax proceedings. Since the conveyance of the property

by Salt Lake County to the Neilsons on March 12, 1958, the latter have also paid the taxes thereon assessed by the County. This case is unusual in that both parties have been paying taxes on the property. However, neither of them has been in actual possession of the land.

On behalf of the Neilsons it is urged that notwithstanding the defect in their tax title above referred to, it is invulnerable to attack by reason of Sec. 78–12–5.2, U.C.A. 1953, which provides:

No action or defense for the recovery or possession of real property or to quiet title or determine the ownership thereof shall be commenced or interposed against the holder of a tax title after the expiration of four years from the date of the sale, conveyance or transfer of such tax title to any county, or directly to any other purchase thereof at any public or private tax sale and after the expiration of one year from the date of this act. Provided, however, that this section shall not bar any action or defense by the owner of the legal title to such property where he or his predecessor has actually occupied or been in actual possession of such property within four years from the commencement or interposition of such action or defense.[1]

In attacking the trial court's judgment the Utah Power and Light argues that the protections given by the above section do not apply because: (1) the four-year period provided therein does not begin to run until the tax title claimant takes actual possession of the property; and (2) that so long as the fee title holder pays taxes on the land, the statutory period does not run against him.

There is a sound basis for the decision of the trial court in holding that the claim of title asserted by the Utah Power and Light Company is inferior to the title of the Neilsons. The only showing of any interest held by Harriet Allenbach was the recital in the quitclaim deed to Valley Investment Company that she was the widow of Jacob I. Allenbach. It was stipulated that there was no evidence that the latter left a will or other heirs and the trial court's findings so recite. Neither is anything else shown as to what his estate may have been nor with respect to the disposition thereof.

▉ A recital in a deed which would indicate that the grantor is an heir or otherwise might deraign title from a record owner is merely a self-serving declaration. The effect to be given such a recital is summarized in Thompson on Real Property:

A recital that the grantor is the heir at law of a person deceased, who was the former owner of the land, is no evidence as against a stranger of either the heirship or the death of such former owner.

Peterson v. Callister, 6 Utah 2d 359, 313 P.2d 814.

---

1. As to application of this statute of limitations on tax titles, see Hansen v. Morris, 3 Utah 2d 310, 283 P.2d 884; and

The recital is, of course, no evidence in favor of anyone claiming under the grantor. It is no more competent as evidence, as against a stranger to the deed, of the facts stated, than it would be if embodied in a letter or any other paper.[2]

Inasmuch as there is a total lack of evidence as to what estate Jacob I. Allenbach may have had, and there was neither probate nor determination of heirship, the fact that Harriet was his widow does not show that she had any interest in the subject property, and there would be nothing more than conjecture upon which to so conclude.

The quitclaim deed from Harriet Allenbach to Valley Investment Company having failed to convey any title to it, the same is true of the deed from that company to the Utah Power and Light Company. Thus the latter does not have any standing to challenge the title of the Neilsons deraigned from Salt Lake County as a result of the tax proceedings.[3] Accordingly, it is not necessary to deal with and resolve here the questions raised by the parties' respective claims concerning possession and payment of taxes.

The judgment of the trial court that the respondents Neilson are entitled to the money paid by the State Road Commission for the land in question is sustained.

2. 6 Thompson on Real Property, § 3110 (1962 Replacement).

Affirmed. Costs to defendants Neilsons (respondents).

HENRIOD, C. J., and CROCKETT, WADE and CALLISTER, JJ., concur.

3. See Babcock v. Dangerfield, et al., 98 Utah 10, 94 P.2d 862 (1939); Michael v. Salt Lake Investment Co., 9 Utah 2d 370, 345 P.2d 200 (1959).