449 P.2d 986

**Don LAYTON, aka Donald W. Layton, and Helen D. Layton, his wife, Plaintiffs and Appellants,**

v.

**Gordon E. HOLT and S. John Webber, Salt Lake County, a body politic of the State of Utah, Marvin Jenson, Commissioner, Defendants and Respondents.**

**No. 11298.**

Supreme Court of Utah.

Jan. 22, 1969.

E. J. Skeen, Salt Lake City, for plaintiffs and appellants.

Mary C. Lehmer, Salt Lake City, for defendants and respondents.

TUCKETT, Justice:

The plaintiffs commenced this action in the court below seeking a decree quieting

title in themselves to Lot 8, Block 1 North, Beyles Riverside Plot, located in Salt Lake County, Utah. Salt Lake County and one of its commissioners were made parties defendant, but they have filed their disclaimers. The defendants Gordon E. Holt and S. John Webber answered the complaint and also cross-complained seeking a decree quieting title to the property in themselves.

A. V. and Patricia Raplee, husband and wife, received title on September 15, 1930, as tenants in common, by virtue of a warranty deed from the former owners. The Raplees did not occupy the premises in question, and on January 10, 1935, the property was sold to Salt Lake County for delinquent taxes. The county auditor conveyed the premises to Salt Lake County on February 28, 1939, by auditor's tax deed. On May 10, 1965, Patricia Raplee and her son Robert G. Raplee quitclaimed their interest in the property to the plaintiffs herein. The conveyance recited that Robert G. Raplee was the only child of Patricia Raplee and the late A. V. Raplee. On June 15, 1965, Salt Lake County sold the property to the defendants Gordon E. Holt and S. John Webber.

 The court below found that neither the plaintiffs nor their predecessors in ownership had occupied nor been in possession of the property in question for more than 30 years prior to trial. The evidence before the court supports that finding. Based upon the finding above referred to, the court concluded that the claims of the plaintiffs were barred by the provisions of Sections 78–12–5.1, 78–12–5.2, 78–12–5.3, and 78–12–7.1, Utah Code Annotated 1953, as amended. The court entered its decree quieting title in the defendants. From the judgment of the court below the plaintiffs have appealed to this court.

The plaintiffs here contend that the county auditor having omitted to attach his affidavit to the county assessment roll for the year 1934, that failure voided the auditor's tax deed to Salt Lake County, and that the title deraigned by the defendants through those tax procedures was likewise void.[1]

In 1951, the legislature set about amending the statutes of limitations so as to lessen the time for recovery of real property from those holding the same by virtue of a tax title. The pertinent parts of the statutes above referred to are substantially as follows:

Section 78–12–5.1: With respect to actions or defenses brought or interposed for the recovery or possession of or to quiet title to or determine the ownership of real property against the holder of a tax title to such property, no such action or defense shall be commenced or inter-

---

1. Telonis v. Staley, 104 Utah 537, 144 P.2d 513.

posed more than four years after the date of the tax deed, conveyance or transfer creating such tax title *unless the person commencing or interposing such action or defense or his predecessor has actually occupied or been in possession of such property within four years prior to the commencement or interposition of such action or defense.*

Section 78–12–5.2: No action or defense shall be commenced or interposed against the holder of a tax title after the expiration of four years from the date of the sale, conveyance or transfer of such tax title to any county; provided, however, *that this section shall not bar any action or defense by the owner of the legal title to such property where he or his predecessor has actually occupied or been in actual possession of such property within four years from the commencement or interposition of such action or defense.* [Emphasis added.]

 The term "tax title" as defined by Section 78–12–5.3 would indicate that the legislature intended to include within the statutes of limitation tax titles which were initiated by tax sales the records of which would not show that each statutory step had been followed with exactitude.

We are of the opinion that the claims of the plaintiffs to ownership of the property above described are barred and that the decision of the court below quieting title in the defendants is correct.[2] The judgment of the court below is affirmed. Respondents are entitled to costs.

CALLISTER, HENRIOD, and EL-LETT, JJ., concur.

CROCKETT, C. J., concurs in the result.

---

2. Peterson v. Callister, 6 Utah 2d 359, 313 P.2d 814.